OPINION
Defendant-appellant, George Green, appeals his conviction of attempted aggravated murder in violation of R.C. 2923.02(A). Appellant was indicted on April 17, 1996 for attempted aggravated murder. Appellant subsequently entered a not guilty plea and the matter proceeded to a bench trial on December 18, 1996 before Judge George Elliott.
The evidence presented at trial disclosed the following facts: At approximately 7:00 p.m. on March 2, 1996, appellant was travelling near the Kmart store in Middletown, Ohio, when he observed a white van driven by Shelley Friend. At the time, Green was experiencing feelings of anger, pain, and hatred, and determined that Friend and her van "had to be eliminated." According to Green's written statement, "[n]othing else mattered other than killing this person." Appellant followed Friend's van into the Kmart parking lot and parked his vehicle approximately four parking spaces from the van. Appellant watched Friend exit her van and enter Kmart. After Friend entered Kmart, appellant got out of his vehicle, took a red pocket knife out of his pocket, opened the blade of the knife, entered Friend's van, and hid in the back seat of the van waiting for Friend to return.
While in Friend's van, appellant was thinking about killing Friend and "formulated a quick plan as to how [he] was [going to] do it." According to appellant, when Friend got into the driver's seat of the van, he was going to cover her mouth, stab her until she died, and then drink her blood because he "wanted to taste what death tasted like." Also while he was waiting for Friend's return, appellant took his knife and slashed the back of the seat in front of him.
When Friend returned, she opened the sliding side door of the van instead of getting in the driver's seat. Friend's actions surprised appellant and when he made eye contact with Friend he lost the intent to hurt, harm, or kill her. Friend ordered appellant out of her van and demanded identification and an explanation as to his reason for being in her van. Appellant told Friend he was a military police officer conducting a missing persons investigation.
Appellant then began walking toward his vehicle but was approached by two bystanders, Michael Malloy and Michael Kraft, who had observed and overheard the commotion between appellant and Friend. Malloy and Kraft talked with appellant until Middletown police officers arrived on the scene. After speaking with the victim and witnesses, Officer Vince Lovejoy placed appellant under arrest, patted him down, and discovered a straight razor and a red pocket knife on appellant's person. Lovejoy then transported appellant to the police station where he interviewed appellant and obtained oral, written, and tape-recorded statements from him.
On December 20, 1996, the trial court filed an entry finding appellant guilty of attempted aggravated murder. On January 31, 1997, a disposition hearing was held before Judge H.J. Bressler, after which appellant was sentenced to ten to twenty-five years imprisonment and fined $10,000. Appellant now appeals, setting forth the following assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT CONVICTED HIM OF ATTEMPTED AGGRAVATED MURDER.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT DID NOT PERMIT THE ORIGINAL JUDGE WHO HEARD THE TRIAL TO SENTENCE APPELLANT.
In his first assignment of error, appellant contends that the trial court erred by convicting him of attempted aggravated murder. Appellant argues that his conviction was improper because there was no substantial step in the form of harm or attempted harm to the victim, Friend.
R.C. 2923.02(A) defines "attempt" and provides as follows:
 No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct which, if successful, would constitute or result in the offense.[1]
"A `criminal attempt' is when one purposely does or omits to do anything which is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime." State v. Woods (1976), 48 Ohio St.2d 127, paragraph one of the syllabus, death penalty vacated (1978),438 U.S. 910, 98 S.Ct. 3133. A substantial step involves conduct which is "strongly corroborative of the actor's criminal purpose." Id. An attempt is complete when a defendant's conduct or acts constitute a substantial step in a sequence of events designed to result in the perpetration of a crime. State v. Kane (Apr. 23, 1984), Clermont App. No. CA83-09-076, unreported, citing Woods, 48 Ohio St.2d at paragraph one of the syllabus.
Neither the intent to commit a crime nor mere preparation constitute an attempt. Woods, 48 Ohio St.2d at 131. Instead, the focus is upon a defendant's conduct or overt acts after the intention has been formulated and preparation has been made. Id. at 132. See, also, State v. Huffman (1936), 131 Ohio St. 27, paragraphs four and seven of the syllabus (the determination of criminal purpose or intent must come from the circumstances surrounding the accused's conduct). The conduct necessary for a criminal attempt "need not be the last proximate act prior to the consummation of the felony * * *." State v. Farmer (1951),156 Ohio St. 214, 216.
After carefully reviewing the record, we find that appellant's actions constituted a substantial step toward the commission of the aggravated murder of Friend. The record indicates that appellant observed Friend's van and determined that Friend and her van had to be eliminated, followed Friend's van into Kmart parking lot, parked his vehicle a short distance away from Friend's van, watched Friend exit her van and enter Kmart, pulled out his red pocket knife and opened the blade, climbed inside Friend's van, and lay in the back seat waiting for Friend to return. While inside the van, appellant sliced the back of one of the seats in Friend's van as he thought about stabbing and killing Friend and then drinking her blood. When considered together, the evidence supports a finding that appellant had taken substantial steps toward the commission of an aggravated murder and was properly convicted of attempted aggravated murder. See Woods, 48 Ohio St.2d at 132; State v. Bailey (Mar. 17, 1995), Lucas App. No. L-93-356, unreported. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant contends that the trial court erred by not permitting Judge Elliott, the original judge who presided at trial, to sentence him. Appellant argues that, if at all possible, the judge who presides over a defendant's criminal trial should be the same judge who sentences the defendant. Appellant also argues that the trial court erred because the sentencing judge failed to consider all the factors contained in R.C. 2929.12.
Crim.R. 25 provides, in pertinent part, as follows:
 (B) After verdict or finding of guilt. If for any reason the judge before whom the defendant has been tried is unable to perform the duties of the court after a verdict or finding of guilt, another judge * * * may perform those duties. * * *.
Thus, Crim.R. 25(B) does not prohibit another judge from performing postconviction duties, including sentencing, where the original judge is unable to perform those duties for any reason. See, also, Beatty v. Alston (1975), 43 Ohio St.2d 126, 127, certiorari denied (1975), 423 U.S. 1000, 96 S.Ct. 432.
The record indicates that Judge Elliott retired following appellant's trial and verdict finding him guilty of attempted aggravated murder. Prior to appellant's sentencing hearing, Judge Bressler assumed Judge Elliott's docket. As a result of Judge Elliott's retirement, we find it entirely proper, pursuant to Crim.R. 25(B), for Judge Bressler to impose sentence upon appellant after Judge Elliott's verdict of guilty had been entered. See State v. Morgan (Sept. 13, 1996), Montgomery App. No. 15351, unreported; State v. Fitzpatrick (May 4, 1994), Hamilton App. Nos. C-930413, C-930439, unreported.
Appellant also argues that Judge Bressler failed to consider all of the factors contained in R.C. 2929.12 prior to imposing sentence. Appellant specifically takes issue with the trial court's statement that appellant did not express remorse until he came to court for sentencing. Appellant argues that in his tape-recorded statement to the police following his arrest, which was played at trial and admitted into evidence, he expressed remorse by stating that he wanted Friend to know that he was sorry for putting her in the situation that he did. However, appellant states that Judge Bressler did not hear his tape-recorded statement because Judge Bressler refused to listen to the tapes of the trial after appellant requested that he do so.
"A trial court has broad discretion in sentencing a defendant and a reviewing court will not interfere with the sentence unless the trial court abused its discretion." State v. Yontz (1986),33 Ohio App.3d 342, 343. When determining the sentence to be imposed, "the trial court must consider the factors set forth in R.C. 2929.12." Id. Generally, the trial court does not abuse its discretion when sentencing a defendant where the sentence imposed is authorized by statute. State v. Cassidy (1984), 21 Ohio App.3d 100,102. See, also, Toledo v. Reasonover (1965), 5 Ohio St.2d 22, paragraph one of the syllabus.
Because the offense for which appellant was convicted occurred on March 2, 1996, the sentencing provisions which apply to this case are those that were in existence prior to July 1, 1996. State v. Cox (Apr. 28, 1997), Warren App. Nos. CA96-07-069, CA96-08-075, unreported. We note that R.C. 2929.12, upon which appellant's argument is based, was amended, with an effective date of July 1, 1996, to include remorse factors. Accordingly, the trial court was not obligated to consider remorse when sentencing appellant since the offense occurred before July 1, 1996. Id.
During the sentencing hearing, the trial court indicated that it had read the presentence report,[2] the forensic report, a victim impact statement, and appellant's written statement. The trial court also heard appellant's counsel speak on behalf of appellant and heard appellant make a statement on his own behalf. In addition, the trial court imposed a sentence upon appellant that is within the sentencing guidelines and authorized by statute for the crime of attempted aggravated murder. See Cassidy, 21 Ohio App.3d at 102; R.C. 2929.11(B)(1)(a) and (C) (1). After a thorough review of the record and in light of the fact that the sentence imposed was within the statutory limits, we find that the sentence imposed by the trial court was not so unreasonable, arbitrary, or unconscionable as to constitute an abuse of discretion. See Yontz, 33 Ohio App.3d at 343. Accordingly, appellant's second assignment of error is overruled.
KOEHLER and WALSH, JJ., concur.
[1] The "offense" of which appellant was convicted was attempted aggravated murder. R.C. 2903.01 defines the crime of aggravated murder and provides in section (A) that "[n]o person shall purposely, and with prior calculation and design, cause the death of another."
[2] The trial court stated that the presentence investigation report indicates that appellant did not show any remorse at any time during the proceedings below.