Defendant-appellant, Thomas E. Muncey, appeals a Madison County Court of Common Pleas conviction for aggravated assault, domestic violence, and attempted murder. We affirm.
On November 12, 1997, appellant went to his estranged wife's home in London, Ohio.[1] When he arrived, appellant approached Greg Clouse who was sitting in a car in the driveway. Appellant claims Clouse swung at him and a fight erupted between the two of them. Clouse claims appellant hit him repeatedly without provocation. As a result, Clouse suffered a broken nose, a "busted eye," and five stitches in his left ear. When appellant's wife, Patricia Muncey ("Muncey"), came out of the house, appellant pushed her head against the brick house. As a result, Muncey received four stitches. Appellant received no injuries. Appellant left before the London police arrived, but a warrant was issued for his arrest.
On November 22, 1997, William Renner, appellant's brother-in-law, went to appellant's apartment in Columbus. Appellant claims that Renner injected appellant with cocaine to ease his pain.[2] Appellant spent the rest of the day shooting up cocaine and drinking alcohol. Later that evening, appellant and Renner proceeded to Muncey's home with a loaded 44 magnum hand gun. En route, appellant claims he told Renner he was going to kill himself in front of Muncey. Renner testified that he attempted to persuade appellant to return to Columbus. In response, appellant threatened to kill Renner if he did not come along.
Muncey was sleeping on the couch in her living room when appellant arrived in the morning of November 23, 1997. Appellant woke Muncey up, and informed her that "I am going to die today." However, Muncey claims that appellant told her that "we all are going to die." Appellant dragged Muncey into the kitchen and pulled out a bag of cocaine. Muncey ran out of the house to escape and appellant fired two bullets toward her, but missed. Appellant chased Muncey outside and fired three more bullets, this time hitting her in the buttocks. The London police were summoned and when they arrived they discovered that appellant had barricaded himself inside the house. The police convinced appellant to surrender and found piles of ammunition and several guns in the house.
On December 12, 1997, the Madison County Grand Jury indicted appellant for felonious assault, pursuant to R.C. 2903.11; domestic violence, pursuant to R.C. 2919.25(A); and attempted murder, pursuant to R.C. 2903.02.[3]
On January 15, 1998, the grand jury amended the original indictment to include a firearm specification. On February 9, 1998, a jury trial was held. During the course of the trial, the state introduced evidence of appellant's prior domestic violence incidents and convictions, guns and ammunition, and Renner's testimony from the preliminary hearing. On February 10, 1998, the jury returned a verdict of not guilty on the felonious assault charge, and guilty of aggravated assault[4], domestic violence, and attempted murder.
By entry dated February 12, 1998, the trial court sentenced appellant to one year for aggravated assault, one year for domestic violence, ten years for attempted murder, and three years for using a firearm to facilitate the attempted murder.[5]
Appellant filed a timely appeal and asserts the following five assignments of error:
Assignment of Error No. 1:
 THE DEFENDANT-APPELLANT WAS DEPRIVED OF HIS RIGHT TO A FAIR TRIAL AND HIS DUE PROCESS RIGHTS UNDER BOTH THE UNITED STATES AND OHIO CONSTITUTIONS WHEN THE STATE INTRODUCED EVIDENCE OF OTHER ACTS OF THE DEFENDANT-APPELLANT THAT WERE PREJUDICIAL IN NATURE AND BY THE PRESENTATION OF OTHER IRRELEVANT EVIDENCE THAT WAS IMPROPERLY ADMITTED.
Assignment of Error No. 2:
 THE DEFENDANT-APPELLANT WAS DEPRIVED OF HIS RIGHT TO A FAIR TRIAL AND HIS RIGHT TO CONFRONT WAS VIOLATED UNDER THE OHIO CONSTITUTION WHEN THE STATE INTRODUCED THE PRELIMINARY HEARING TESTIMONY OF AN UNAVAILABLE WITNESS IN VIOLATION OF THE DEMANDS OF EVIDENCE RULE 804.
Assignment of Error No. 3:
 BECAUSE THE FIREARM SPECIFICATION [2941.145] CONTAINED IN THE INDICTMENT FAILED TO ALLEGE ALL OF THE ESSENTIAL ELEMENTS OF THE OFFENSE AND THE COURT'S JURY INSTRUCTIONS MERELY RESTATED THE DEFECTIVE LANGUAGE IN THE INDICTMENT, THE DEFENDANT'S RIGHTS UNDER ARTICLE I, SECTION 10
OF THE OHIO CONSTITUTION WERE VIOLATED, THE FIREARM SPECIFICATION IS VOID, AND THE DEFENDANT'S CONVICTION AND THREE-YEAR SENTENCE THEREFOR [SIC] MUST BE REVERSED.
Assignment of Error No. 4:
 THE TRIAL COURT ERRED BY IMPOSING THE MAXIMUM ALLOWABLE SENTENCE OF IMPRISONMENT ON THE ATTEMPTED MURDER CONVICTION IN VIOLATION OF R.C. 2929.14 (C).
Assignment of Error No. 5:
 THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE PRISON TERMS IN VIOLATION OF R.C. 2929.14(E)-(4) (a), (b) AND (c).
In his first assignment of error, appellant argues that three areas of evidential inquiry were erroneously permitted at trial: First, appellant argues that certain guns and ammunition were inadmissible since they are immaterial to the present case and therefore such evidence is irrelevant. Next appellant argues that his prior domestic violence incidents,[6] and prior domestic violence convictions[7] were improperly permitted since it is evidence of appellant's character. Therefore, appellant claims that his right to a fair trial was violated. We disagree.
It is within the trial court's sound discretion to determine whether evidence is relevant, and whether relevant evidence should be excluded. State v. Sage (1987), 31 Ohio St.3d 173. The trial court's decision will be reversed only upon a finding that the trial court abused its discretion. State v. Allen
(1985), 73 Ohio St.3d 626. Abuse of discretion connotes more than error in judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams
(1980), 62 Ohio St.2d 151, 157.
Evid.R. 404 prohibits the admissibility of character and "other acts" evidence to demonstrate that a defendant acted in conformity with such character or "other acts." State v. Mann
(1985), 19 Ohio St.3d 34, 36. However, Evid.R. 404(B) allows "[e]vidence of other crimes, wrongs, or acts * * * [to be admitted] for * * * purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
To meet the test of admissibility under Evid.R. 404(B), the "other acts" must be offered for a purpose as stated under Evid.R. 404(B) and be material to the case. State v. Gudger
(Dec. 11, 1990), Franklin App. No. 90AP-137, unreported, at 10-11. A conviction will not be reversed because a specific purpose under Evid.R. 404(B) was not asserted by the state provided that the evidence meets one of the stated purposes under Evid.R. 404(B). State v. Davis (1991), 62 Ohio St.3d 326,338. See State v. Howard (Apr. 8, 1993), Cuyahoga App. No. 62191, unreported, at 10. Therefore, we must consider whether an Evid.R. 404(B) purpose was met.
Previous acts of violence can be introduced to show absence of accident or mistake. See State v. Blonski (Dec. 31, 1997), Medina App. No. 2654-M, unreported, at 9-10. When the issue at trial is whether the defendant accidentally or intentionally caused the harm to the victim, then other acts of violence between defendant and victim are relevant which tend to prove that the present incident was not accidental. Id. Further, evidence that depicts the background of a crime is admissible to explain the circumstances of the crime. State v. Curry
(1975), 43 Ohio St.2d 66, 73.
In State v. Anderson (July 21, 1993), Hamilton App. No. C-920733, unreported, at 3-5, the court admitted evidence of prior domestic violence in order to refute the defendant's claim that she accidentally stabbed her husband. Id. The court held that the "issue of whether the stabbing was intended or accidental was the subject of a genuine controversy." Id. at 4. Therefore, prior acts evidencing domestic violence between the victim and defendant was admissible under Evid.R. 404(B). Id.
 GUNS AND AMMUNITION
We first note that appellant failed to object at trial to the admission of the guns and ammunition. Failure to object constitutes waiver unless it is plain error. State v. Awan
(1986), 22 Ohio St.3d 120. Plain error is an obvious error which was not objected to by the defendant and which was "prejudicial to the defendant, and produced a substantial adverse impact on the integrity of and public confidence in the judicial process." State v. McKenzie (Jan. 28, 1993), Cuyahoga App. No. 61552, unreported, at 6-7. Therefore, a reversal will not be obtained unless "but for the error, the outcome of the trial clearly would have been different." State v. Long (1978),53 Ohio St.2d 91, 91, 94-97.
We find that appellant's conduct after the shooting of barricading himself inside the house was admissible for the purpose of proving appellant's intent, making it admissible under Evid.R. 404(B). We further find that the guns and ammunition found in the house are relevant to explain appellant's state of mind and the circumstances surrounding the shooting. Further, there was other substantial evidence to support appellant's convictions. We find there was no plain error.
 DOMESTIC VIOLENCE INCIDENTS AND CONVICTIONS
The domestic violence incidents and convictions were proper explored by the prosecution. In opening statements, appellant claims that he did not intentionally shoot his wife, that Clouse attacked him first, and that the victims' injuries were not as severe as they claim. Appellant claims that he wanted to make Muncey suffer by committing suicide in front of her, and only intended to scare Muncey, not murder her. As a result, appellant created the issue of whether he shot Muncey accidentally or intentionally, and made it a subject of "genuine controversy" for the jury. When appellant claimed mistake or accident, the state was permitted to elaborate on evidence detailing the facts and circumstances of prior violent episodes between appellant and Muncey to show absence of mistake or accident. State v. Lambert (June 5, 1998), Montgomery App. No. 16667 unreported, at 14-15.
Finally, we must determine whether the evidence admitted at trial is more prejudicial than probative under Evid.R. 403. Appellant claims that the prior injuries were not substantial and that he mistakenly shot his wife. We find that the prior acts evidence was probative and relevant to rebut appellant's assertions. Therefore, we find that the trial court did not abuse its discretion when it found that the "other acts" evidence's probative value was not outweighed by its prejudicial effect. The trial court correctly instructed the jury on the use of such evidence and the record offers no reason to believe that the jury did not follow the instructions. Parker v. Randolph (1979), 442 U.S. 62, 74-75,99 S.Ct. 2132, 2139; State v. Franklin (1991), 62 Ohio St.3d 118,127. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant argues that his right to confront Renner at trial was violated when Renner's former testimony was read into the record without first establishing Renner's unavailability. We disagree.
The relevant part of Evid.R. 804 states: " 'Unavailability as a witness' includes situations in which the declarant: * * * is absent from the hearing and the proponent of the declarant's statement has been unable to procure the declarant's attendance * * * by process or other reasonable means." As stated previously, failure to object at the trial level constitutes a waiver for appeal unless plain error occurs. Prior to trial, appellant's counsel stated: "If he [Renner] becomes unavailable, I don't have [sic] objection using his testimony subject to the fact it may be inadmissible and improper." When Renner's former testimony was offered at trial, appellant made no objections as to its admissibility. Therefore, appellant did not preserve his objection for appeal.
Appellant admits in his brief that Renner's testimony is not prohibited by the Confrontation Clause of the United States Constitution. See Ohio v. Roberts (1980), 448 U.S. 56, 58,100 S.Ct. 2534, 2533-34 (admitting preliminary hearing testimony is constitutional). Regardless, appellant wants this court to hold that the Ohio Constitution is stricter and prevents the admissibility of such testimony. However, the Ohio Supreme Court has clearly adopted the test in Roberts as laid out by the United States Supreme Court. See State v. Keairns (1984),9 Ohio St.3d 228, 230.
The record reflects that the prosecutor informed the trial court that he sent a subpoena to Renner's last two known addresses, but discovered that Renner no longer resided there. The prosecutor contacted Renner's ex-wife who informed him that Renner was in a trailer park in Thornville, Ohio. The prosecutor left subpoenas at the addresses Renner was believed to be residing. We find that the prosecutor made reasonable efforts to secure Renner's presence. We hold that the prosecution properly met the unavailability requirement under Evid.R. 804; thus, no error occurred. Appellant's second assignment of error is overruled.
In his third assignment of error, appellant argues that the firearm specification in the amended indictment did not contain all the essential and material elements. Thus, appellant argues that it is defective and his sentence for the gun specification must be reversed. We disagree.
Crim.R. 7(B) states that the indictment may be:
 [I]n ordinary and concise language without technical averments. * * * The statement may be in the words of the applicable section of the statue, provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged. * * * Error in the numerical designation or omission of the numerical designation shall not be ground from dismissal of the indictment or * * * reversal of a conviction, if the error or omission did not prejudicially mislead the defendant. (Emphasis added.)
A plain reading of Crim.R. 7(B) renders meritless appellant's argument that his gun specification sentence should be reversed because the indictment lacks the proper numerical designation.
Next, appellant argues that the amended indictment prejudiced him because it did not state all of the elements of the gun specification. The amended indictment states: "The Grand Jurors further find and specify that the said Thomas E. Muncey used a firearm to facilitate the aforesaid offense [attempted murder]." The purpose of the indictment is to inform the accused that a charge has been lodged against him and to provide him with an indication of the nature of the charge.State v. Fellows (Mar. 2, 1992), Madison App. No. CA91-04-009, unreported, citing City of Middletown v. Blevins (1987),35 Ohio App.3d 65, 67. Therefore, an indictment is not invalid for defects which do not tend to prejudice the substantial rights of appellant upon the merits. State v. Lovings (Dec. 23, 1997), Franklin App. No. 97APA05-656, unreported, at 4; R.C.2941.08(K).
First, R.C. 2941.145 is the only gun specification statute in Chapter 29 that uses the word "facilitate." Therefore, appellant was put on notice that he was being charged under R.C. 2941.145. Second, R.C. 2941.145 states that a three year prison term is mandatory if the offender: (1) has a firearm on or about the offender, and (2)(a) the offender displayed, brandished or indicated he had a firearm or (b) used the firearm to facilitate the offense. While it would have been ideal for the prosecution to use the statutory language in the indictment, failure to do so does not render the indictment defective. It is implicit that in order to "facilitate" a crime with a gun, the gun must be "on or about" or at least "under one's control." Therefore, we find that the amended indictment contained sufficient language to put appellant on notice that he was being charged with a gun specification under R.C.2941.145. Appellant's third assignment of error is overruled.
In his fourth assignment of error, appellant argues that the trial court erred when it imposed the maximum sentence for his attempted murder conviction. We disagree.
A trial court can impose the maximum sentence if it finds that appellant's conduct is "more serious than conduct normally constituting the offense" and the defendant is likely to commit the crime again. See 2929.12(B). R.C. 2929.12 provides factors which a trial court must consider before imposing the maximum sentence. However, the trial court is not required to list in detail every factor in R.C. 2929.12 before imposing its sentence. State v. Flors (1987), 38 Ohio App.3d 133, paragraph three of the syllabus. The trial court is given broad discretion in its sentencing decision. State v. Green (1997),122 Ohio App.3d 566, citing State v. Yontz (1986), 33 Ohio App.3d 342. Absent an abuse of discretion, a reviewing court will not reverse the defendant's sentence. Id.
The trial court stated:
 [T]he defendant posed a greater likelihood of recidivism because of the lengthy history of domestic violence, and the consecutive sentences are justified because of the nature of the harm that the victims were exposed to. * * * Mr. Muncey, that is an awful lot of time and we don't hand it out lightly. The gravamen of the offense is serious. Six inches higher and two inches to the right and she would have been dead. Under those circumstances the sentence is justified.
We find that the trial court sufficiently considered the factors in R.C. 2929.12. Therefore, the trial court did not abuse its discretion when it imposed the maximum sentence upon appellant for his attempted murder conviction. Appellant's fourth assignment of error is overruled.
In his fifth assignment of error, appellant argues that the trial court failed to justify consecutive sentencing as required by R.C. 2929.14(E)(4). We disagree.
R.C. 2929.14(E)(4) permits the trial court to impose consecutive sentences if it "is necessary to protect the public from future crime or to punish the offender and [the court finds] * * * that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." In addition, the court must find that either:
 [T]he harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct [or] [t]he offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.14(E)(4)(b), and (c).[8]
Appellant argues that the trial court did not make its findings sufficiently specific since it justified the consecutive sentencing based upon the "nature of the harm that the victims were exposed to." However, upon review of the record, we find that the trial court considered appellant's past criminal conduct and determined that the attempted murder offense was the most serious form of the offense. R.C. 2929.12. As a result, it was within the trial court's discretion to conclude that consecutive prison sentences were necessary to protect the public and were not disproportionate to the seriousness of appellant's conduct. The fifth assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and KOEHLER, J., concur.
[1] The home was jointly owned by appellant and his wife.
[2] Appellant's liver was deteriorating causing jaundice.
[3] The felonious assault charge is the result of the attack by appellant against Clouse on November 12, 1997. The domestic violence charges were the result of the events that occurred on November 12, 1997 and November 22, 1997 between appellant and Muncey. The attempted murder charge was the result of the events on November 23, 1997.
[4] Aggravated assault contains all the elements of felonious assault except for the element of serious provocation. When the defendant presents sufficient evidence of serious provocation, a jury instruction on aggravated assault must be given to the jury. State v. Deem (1988), 60 Ohio St.3d 205.
[5] The aggravated assault sentence is to run concurrently with the domestic violence sentence. The sentences for domestic violence, attempted murder, and firearm specification are to run consecutively.
[6] Muncey testified that on December 4, 1993, appellant pulled her hair, singed it with a cigarette, and scratched her face. Appellant admitted to scratching Muncey's face. In addition, Muncey testified that on May 29, 1994, appellant held a table against her throat and pushed her into a big screen television. Appellant admits to pushing Muncey into the television. Further, the prosecution introduced photographs of Muncey's injuries.
[7] Appellant stipulated to two domestic violence convictions which occurred on July 27, 1996 and October 4, 1994. Appellant admits that the convictions are admissible; however, he takes issue with the extent to which the convictions were explored at trial.
[8] This version of R.C. 2929.14 applies to appellant's sentence of February 12, 1998 because it was effective until March 13, 1998.