Appellant, Clifford Hairston is appealing his conviction for three counts of robbery, each with aggravated felony specifications. The notices of appeal do not indicate that appellant is appealing the trial court's denial of his Motion for Post Conviction Relief. See App.R. 3(D). For the following reasons, we affirm.
Appellant was indicted with two counts of robbery in Cuyahoga Common Pleas case number 325216. Appellant pled guilty to both counts. He appeals these convictions in Cuyahoga App. No. 75259. Appellant was charged with one count of robbery and one count of theft in Cuyahoga Common Pleas case number 322164. He pled guilty to one count of robbery. Appellant appeals this conviction in Cuyahoga App. No. 75260. Appellant was also charged with bank robbery in case number 320677, but that charge was nolled as part of the plea agreement. Case number 325216 involved two different incidents of robbery occurring on different days than the incident in case number 322614.
At the plea hearing, the judge stated that the sentence for robbery was 8, 9, 10, 11 or 12 to 15 years. The judge informed appellant of the constitutional rights he was waiving. Appellant stated he understood these rights. The judge asked appellant if any threats or promises had been made. Appellant replied, "No. No, threats". Appellant stated he was satisfied with the representation of his lawyers. The judge sentenced appellant to 11 to 15 years on each of the three counts of robbery, to run consecutively, each 11 year minimum to be actual incarceration.
In case number 322614, a motion for discovery, motion for bill of particulars, and request for evidence notice were filed. A Motion for Voir Dire of Identification Witnesses and Order for Disclosing Other Evidence Used in Identification Process was also filed.
In case number 325216, appellant's attorney filed a motion for discovery and bill of particulars. There is no response from the state contained in the file. Defense counsel did not object to any lack of response. Defense counsel did not file a motion for voir dire of identification witnesses and for an order disclosing evidence used in identification procedure. Appellant asserted in his motion for post-conviction relief that an improper identification procedure took place.
Appellant was arrested on January 9, 1995. A preliminary hearing was held on February 17, 1995 in Cleveland Municipal Court. Appellant did not object to the delay in holding the preliminary hearing until the motion for post-conviction relief was filed. Appellant asserts that he did not even have a hearing in case number 325216.
Appellant's Petition for Relief After Judgment states that his guilty plea was based on the promise of his attorney that his sentence would be 8 to 15 years on each count, to run concurrently.
 I.
Appellant's first assignment of error states:
 WHETHER THE DEFENDANT, CLIFFORD HAIRSTON, WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN CASE NUMBER 325216 AND CASE NUMBER 322164.
To demonstrate ineffective assistance of counsel, appellant must show (1) that counsel substantially violated an essential duty, and (2) appellant was prejudiced by counsel's errors.Strickland v. Washington(1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674; State v. Bradley(1989), 42 Ohio St.3d 136. Deference is given to the strategic decisions of counsel. Id.
Appellant has the burden to prove a reasonable probability that the result would have been different but for counsel's unprofessional errors. See Bradley, supra.
Appellant contends his attorneys were ineffective because (1) his attorney made promises as to the sentence; (2) in case number 325216, counsel did not file a motion for voir dire identification of witnesses, did not file a motion to compel discovery and did not file a motion to suppress; and (3) counsel failed to object to the absence of a preliminary hearing.
Appellant's allegation that his attorney made promises concerning the sentence is a matter outside of the record on direct appeal. This issue cannot be considered in the present direct appeal. See State v. Cooperrider(1983), 4 Ohio St.3d 226;State v. Barnett(1991), 73 Ohio App.3d 244, 249; State v. White
(1995) 100 Ohio App.3d 62, 66.
Appellant asserts his attorney was ineffective for failing to conduct discovery. Appellant contends that he could not evaluate the state's case against him without proper discovery, and thus he could not make a knowing and intelligent plea. The record does not show that counsel did not obtain discovery. It is common practice for prosecutors to respond to a Crim. R. 16 motion, yet not file a response in the record. State v. Russell(1985),26 Ohio App.3d 185, 188; State v. Wilson,(Oct. 22, 1992), Cuyahoga App. No. 61199, unreported; State v. Skrepenski,(Sep. 30, 1998), Lucas App. No. L-97-1367, unreported. Additionally, appellant fails to specify any exculpatory evidence that was not obtained by his attorney.
Appellant asserts that his attorney failed to move to voir dire identification witnesses in case number 322164. Appellant contends he was viewed alone in his cell, an improper identification procedure. This allegation concerns matters outside the trial record, and cannot be considered on direct appeal.
Appellant contends his attorney was ineffective for failing to object to the lack of a preliminary hearing in one case, and an untimely hearing in the other case. Entering a plea to the indictment constituted a waiver of any errors in the preliminary hearing. Crider v. Marrell(1968), 174 Ohio St. 190; State v.Pugh(1978), 53 Ohio St.2d 153. Moreover, appellant's guilty plea waived his right to challenge a claimed deprivation of rights at the preliminary hearing stage of a criminal proceeding, except to the extent the deprivation of rights resulted in an involuntary plea. State v. Spate(1992), 64 Ohio St.3d 269.
Appellant contends that if his attorney objected to the lack of a hearing, he would not have pled guilty because the charges would have been dismissed. Even if the charges were dismissed, the prosecutor could re-indict appellant on the same charges. See R.C. 2945.71(C), 2945.73(A), (D), Styer v. Brichta(1990),69 Ohio App.3d 738. Appellant has failed to show he was prejudice
by his attorney's failure to object to the lack of a timely preliminary hearing. The issue of whether it was improper to hold appellant for lack of a preliminary hearing is moot, as appellant is now being held pursuant to a conviction.
Appellant contends the lack of a preliminary hearing prohibited him from gathering information concerning the state's case against him. Defense counsel could gather such information during discovery. Additionally, appellant does not demonstrate what facts, if discovered, would have caused him to refrain from pleading guilty. Appellant has not shown he was prejudiced by the lack of a preliminary hearing.
Accordingly, this assignment of error is overruled.
 II.
Appellant's second assignment of error states:
 WHETHER DEFENDANT'S PLEA WAS VOLUNTARILY ENTERED PURSUANT TO CRIMINAL RULE 11.
Appellant asserts that two of his three attorneys were not at the plea hearing. Second, he claims the plea was involuntary because his attorney made promises as to the sentence. Third, he claims the plea was involuntary because proper discovery did not take place.
Appellant does not demonstrate why the failure of two of the three attorneys to attend the plea hearing resulted in an involuntary plea. As discussed above, the allegation that his attorney made promises involves matters dehors the record, and is not a proper subject for direct appeal. As discussed above, the record does not show that defense counsel failed to conduct proper discovery. Any allegations of failure to conduct discovery based upon matters dehors the record are not an appropriate subject for direct appeal.
The record demonstrates that all the requirements of Crim.R. 11 (C)(2) were met. The plea was knowingly and voluntarily made. See State v. Nero(1990), 56 Ohio St.3d 106; Boykin v.Alabama(1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.
Accordingly, this assignment of error is overruled.
 III.
Appellant's third assignment of error states:
 WHETHER THE STATE ENGAGED IN PROSECUTORIAL MISCONDUCT IN FAILING TO RESPOND TO THE DISCOVERY REQUESTS OF DEFENDANT.
As discussed above, the lack of discovery responses in the file does not prove that these responses were never provided. Appellant has not shown that the prosecution failed to provide discovery. Nor has appellant indicated what facts, if disclosed, would have changed appellant's decision on whether to plead guilty. See United States v. Bagley(1985), 473 U.S. 667, 676,105 S.Ct. 3375, 3380, 87 L.Ed.2d 481, 490; State v. Rowe(1993),92 Ohio App.3d 652.
Accordingly, this assignment of error is overruled.
 IV.
Appellant's fourth assignment of error states:
 WHETHER THE IMPOSITION OF A CONSECUTIVE SENTENCE OF INCARCERATION WAS AN ABUSE OF DISCRETION AND A VIOLATION OF THE SENTENCING GUIDELINES.
Appellant was sentenced on January 31, 1996, 50 the law prior to Senate Bill 2 applies. See State ex rel. Lemmon v. Ohio AdultParole Authority(1997), 78 Ohio St.3d 186.
A sentence will not be reversed unless the trial court abused its discretion. State v. Yontz(1986), 33 Ohio App.3d 342, 343;State v. Green(1997), 122 Ohio App.3d 566. Generally, the trial court does not abuse its discretion when the sentence imposed is authorized by statute. Toledo v. Reasonover(1965), 5 Ohio St.2d 22, paragraph one of the syllabus. State v. Green, supra. In this case, a term of eleven years actual incarceration to fifteen years was within statutory guidelines. See R.C. 2911.02, R.C.2929.11(B)(2)(b).
R.C. 2929.41 gives the trial court discretion to impose consecutive sentences. See State v. Elam(1994), 68 Ohio St.3d 585,586; State v. White(1985), 18 Ohio St.3d 340, 342; State v.Sibert(1994), 98 Ohio App.3d 412, 432. R.C. 2929.41(E)(2) requires that consecutive terms of imprisonment shall not exceed:
 An aggregate minimum term of fifteen years, plus the sum of all three-year terms actual incarceration imposed pursuant to section 2929.71 of the Revised Code and the sum of all six-year terms of actual incarceration imposed pursuant to 2929.72 of the Revised Code, when the consecutive terms imposed are for felonies other than aggravated murder or murder.
Where a trial court's sentence exceeds the minimum established for consecutive terms, such judgment is not the basis of a reversible error, as the terms of former R.C. 2929.41(E)(2) are self-executing, automatically operating to limit the aggregate minimum sentencing term to fifteen years. State v. White, supra
at 342. It was not reversible error for the trial court to impose consecutive sentences exceeding fifteen years.
Appellant asserts that the trial court did not consider the factors of R.C. 2929.12 in imposing sentence. He claims that the court did not consider that no one was harmed in the commission of the offense and that defendant did not expect to cause harm to persons or property. R.C. 2929.12(C)(1). Appellant contends the trial court should have considered appellant's cooperation in pleading guilty.
It must be presumed from a silent record that the trial court did consider the R.C. 2929.12 factors. State v. Adams(1988),37 Ohio St.3d 295, paragraph three of the syllabus. That presumption may be overcome, however, when the sentence imposed is strikingly inconsistent with the R.C. 2929.12 factors applicable to the case. State v. Flors(1987), 38 Ohio App.3d 133, 140. We cannot say that sentence was strikingly inconsistent with the R.C.2929.12 factors, when appellant was convicted of aggravated robbery in 1976, and was convicted of robberies on three different occasions in this case. We cannot find that the trial court abused its discretion in imposing the sentence.
Accordingly, this assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________________________ ANN DYKE, PRESIDING JUDGE
 ___________________________________ TIMOTHY E. McMONAGLE, JUDGE
 ___________________________________ JAMES D. SWEENEY, JUDGE
N.B. This entry is announcement of the court's decision. See App.R. 22(B), 22(D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1).