DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas resentencing appellant on 12 prior convictions for a term of imprisonment totaling 19 years. For the following reasons, this court affirms the judgment of the trial court.
 {¶ 2} On appeal, appellant sets forth three assignments of error:
 {¶ 3} "1. The administrative court judge erred when he assigned a different judge to resentence the defendant when there was no evidence that the original sentencing judge was unavailable.
 {¶ 4} "2. The resentencing judge erred when she made additional findings to justify consecutive sentences.
 {¶ 5} "3. The resentencing judge erred by imposing consecutive sentences in violation of the United States vs.Booker and Blakely vs. Washington."
 {¶ 6} The facts relevant to the issues raised on appeal are as follows. On September 18, 2002, appellant was indicted under case No. 2002-CR-429 on the following 10 counts: 1) trafficking in cocaine in violation of R.C. 2925.03(A)(1) and2925.03(C)(4)(d); 2) preparation of cocaine for sale in violation of R.C. 2925.03(A)(2) and 2925.03(C)(4)(d); 3) trafficking in cocaine in violation of R.C. 2925.03(A)(1) and 2925.03(C)(4)(c); 4) preparation of cocaine for sale in violation of R.C.2925.03(A)(2) and 2925.03(C)(4)(c); 5) trafficking in cocaine in violation of R.C. 2925.03(A)(1) and 2925.03(C)(4)(a); 6) preparation of cocaine for sale in violation of R.C.2925.03(A)(2) and 2925.03(C)(4)(a); 7) complicity to commit possession of crack cocaine in violation of R.C. 2923.03 (A)(3); 8) corrupting another with drugs in violation of R.C.2925.02(A)(4)(c); 9) tampering with evidence in violation of R.C.2921.12(A)(1); and 10) possession of criminal tools in violation of R.C. 2923.24(A).
 {¶ 7} On November 15, 2002, the grand jury again indicted appellant, this time under case No. 2002-CR-531, on the following three unrelated counts: 1) possession of crack cocaine in violation of R.C. 2925.11(A) and 2925.11(C)(4)(a); 2) tampering with evidence in violation of R.C. 2921.12(A)(1); and 3) assault in violation of R.C. 2903.11(A).
 {¶ 8} The cases were consolidated for purposes of a jury trial on May 8, 2003, before Judge Terrence O'Donnell. This trial took place before Judge O'Donnell was appointed as a Justice to the Supreme Court of Ohio. Appellant was convicted on all counts except the assault offense under case No. 2002-CR-531. Judge O'Donnell found the shortest prison term would demean the seriousness of appellant's conduct, and it would not adequately protect the public from future crimes by appellant pursuant to R.C. 2929.14(B). He then found appellant's conduct met the criteria in R.C. 2929.14(E)(4) for the imposition of consecutive sentences. Accordingly, on May 16, 2003, Judge O'Donnell imposed the sentences under both cases run consecutive to each other for a term of imprisonment totaling 22 years.
 {¶ 9} Appellant filed a notice of appeal on the same day. Upon review, this court affirmed the conviction, but remanded the case to the trial court for resentencing because the court below failed to align its findings with its reasons for imposing consecutive sentences. State v. Young, 6th Dist. Nos. E-03-033, E-03-031, 2004-Ohio-5896, at ¶ 29. This court stated: "As for [his] reason in imposing consecutive sentences, the judge noted that appellant had been granted opportunities in the past to live a law abiding life but had not taken advantage of them. [He] explained that [he] was frustrated with appellant's inability to recognize reality and that `somewhere along the line, someone needs to get your attention'. This `reasoning', however, was set forth before [he] made the requisite findings and was neverreferred to again when [he] stated [his] statutory findings for imposing consecutive sentences. In sum, the judge failed to`clearly align' [his] rationale `with the specific finding to support [his] decision * * *.'" Id. at ¶ 27. (Emphasis added.)
 {¶ 10} Upon remand, Judge O'Donnell was unavailable for the resentencing due to his appointment to the Supreme Court of Ohio. The Honorable Beverly K. McGookey was assigned by the administrative judge to preside over the resentencing. Appellant objected to Judge McGookey's assignment, but was overruled based on Crim.R. 25.
 {¶ 11} At the resentencing hearing held on January 20, 2005, Judge McGookey made additional findings supporting consecutive sentences in compliance with this court's instructions. Appellant was resentenced in case No. 2002-CR-429 on the prior 10 counts with a term of imprisonment totaling 19 years. Appellant was also resentenced in case No. 2002-CR-531 on the prior two counts with a term of imprisonment totaling three years. Whereas Judge O'Donnell ordered the sentences in both cases run consecutively, Judge McGookey ordered the sentences under both cases to run concurrently. This decreased appellant's overall term of imprisonment from 22 years to 19 years. Appellant then filed a timely notice of appeal.
 {¶ 12} In his first assignment of error, appellant makes two distinct arguments. First, he asserts the administrative judge erred when he assigned Judge McGookey to preside over the resentencing. Second, he asserts there is no evidence in the record to establish that Justice O'Donnell was unavailable to preside over the resentencing.
 {¶ 13} Appellant's argument that Judge McGookey's assignment was in error is not well-founded. Crim.R. 25(B) states: "If forany reason the judge before whom the defendant has been tried is unable to perform the duties of the court after a verdict or finding of guilt, another judge designated by the administrativejudge, or, in the case of a single-judge division, by the Chief Justice of the Supreme Court of Ohio, may perform those duties.
If such other judge is satisfied that he cannot perform those duties because he did not preside at the trial, he may in hisdiscretion grant a new trial." (Emphasis added.) Thus, the Ohio Rules of Criminal Procedure do not mandate the original judge perform the post verdict duties if he is unavailable. See, also,State v. Green (1997), 122 Ohio App.3d 566, 571; Beatty v.Alston (1975), 43 Ohio St.2d 126, 127-128.
 {¶ 14} In Green, the original trial judge, Judge Elliot, retired shortly after the appellant's trial and verdict, but prior to his sentencing. Judge Bressler assumed his docket prior to sentencing. Upon review, the 12th District Court of Appeals stated, "[W]e find it entirely proper, pursuant to Crim.R. 25(B), for Judge Bressler to have imposed sentence." Green, supra, at 571. The case before us is similar. Justice O'Donnell was appointed to the Supreme Court of Ohio prior to appellant's resentencing. Due to his appointment, he was unavailable.
 {¶ 15} Appellant's argument there is no evidence to support Justice O'Donnell's unavailability is equally unfounded. The Supreme Court of Ohio has laid out clear guidelines regarding the assignment of judges. The Supreme Court of Ohio Guidelines for Assignment of Judges were originally adopted on May 24, 1988. Guideline 14(d) explicitly states, "A Supreme Court justice may serve on the Court of Claims or a court of appeals." Therefore, Justice O'Donnell could not have returned to the Erie County Court of Common Pleas. The guidelines clearly prevent him from presiding over the resentencing.
 {¶ 16} Moreover, Justice O'Donnell did not need to give an explicit reason for his unavailability. Crim.R. 25(B) allows a judge to be unavailable for "any reason." See, also, State v.Cisternino (Mar. 30, 2001), 11th Dist. No. 99-L-137. InCisternino, the original trial judge was unavailable and another judge presided over the sentencing. On appeal, the defendant claimed a violation of his due process rights because the original trial judge did not give a clear reason for his unavailability. The 11th District held, "The record does not indicate the specific reason why Judge Ford was unavailable to sentence appellant * * * Judge Bettis assured appellant he had reviewed the presentence report and that he holds a certificate of assignment * * * allowing him to preside * * *." Cisternino,
supra, at 10. Based on the foregoing, this court finds Judge McGookey was properly assigned to preside over appellant's resentencing because Justice O'Donnell was unavailable. Thus, appellant's first assignment of error is not well-taken.
 {¶ 17} In his second assignment of error, appellant argues Judge McGookey had "no ability" to make additional findings justifying consecutive sentences. Appellant asserts Judge McGookey was incapable of making additional findings because she had not heard the evidence at trial. The logic behind this argument is flawed.
 {¶ 18} Here again, appellant seeks to ignore the plain language of Crim.R. 25(B). "If such other judge is satisfied that he cannot perform those duties because he did not preside at the trial, he may in his discretion grant a new trial." (Emphasis added.) There is absolutely nothing in the language of the rule preventing Judge McGookey from presiding over appellant's sentencing merely because she did not hear the evidence at trial.
 {¶ 19} In State v. Fitzpatrick (May 4, 1994), 1st Dist. Nos. C-930413, C-930439, B-927123, B-928955, the original trial judge was unavailable. The judge assigned to the sentencing hearing stated on the record he had familiarized himself with the case and was prepared to proceed. Here, Judge McGookey followed suit. It is clear from the sentencing transcript she was aware of Crim.R. 25(B) and of her ability to grant a new trial. Judge McGookey expressly acknowledged having signed the judgment entries specifying she reviewed the record and understood it.
 {¶ 20} Further, a trial court has broad discretion in sentencing a defendant and a reviewing court will not interfere with the sentence unless an abuse of discretion has occurred.State v. Yontz (1986), 33 Ohio App.3d 342, 343. An abuse of discretion connotes more than an error of law or judgment; it implies the action of the trial court was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Therefore, when a defendant receives a sentence falling within the statutory scheme, there has not been an abuse. Statev. Cassidy (1984), 21 Ohio App.3d 100, 102. Here, appellant's sentence falls within the statutory scheme. Judge McGookey's decisions below are in harmony with the rules of procedure and the statutory sentencing scheme. Based on the foregoing, appellant's second assignment of error is not well-taken.
 {¶ 21} In appellant's third assignment of error, he renews his objections based on Blakely v. Washington (2004),542 U.S. 296 and United States v. Booker (2005), 543 U.S. 220. In renewing this objection, appellant ignores numerous holdings of this court regarding Blakely issues. In State v. Curliss, 6th District No. WD-04-032, 2005-Ohio-1217, this court distinguished the Ohio sentencing scheme from the Washington state scheme at issue in Blakely. Curlis at ¶ 16. This court held thatBlakely simply does not apply where the defendant received a sentence allowed by Ohio's scheme. Id. at ¶ 18-19; see, also,State v. Holt, 6th Dist. No. S-05-006, 2005-Ohio-3597; Statev. Bryant, 6th Dist. No. L-03-1359, 2005-Ohio-3352; State v.Pearce, 6th Dist. No. OT-04-048, 2005-Ohio-3361; State v.Benore, 6th Dist. No. OT-04-021, 2005-Ohio-2944. Thus, appellant's third assignment of error is not well-taken.
 {¶ 22} On consideration whereof, this court finds appellant was not prejudiced and the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Singer, P.J. Parish, J. concur.