[Cite as *Middletown v. Reuss*, 2016-Ohio-996.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| CITY OF MIDDLETOWN, | : | |
| | | CASE NOS. CA2015-06-109 |
| Plaintiff-Appellee, | : | CA2015-06-122 |
| | : | O P I N I O N |
| - vs - | | 3/14/2016 |
| | : | |
| DAVID A. REUSS, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM MIDDLETOWN MUNICIPAL COURT
Case No. 14 CRB 06393


Susan H. Cohen, Middletown City Prosecutor, Ashley Bretland, One Donham Plaza, Middletown, Ohio 45042, for plaintiff-appellee

Fred S. Miller, Baden & Jones Bldg., 246 High Street, Hamilton, Ohio 45011, for defendant-appellant


**RINGLAND, J.**

{¶ 1} Defendant-appellant, David A. Reuss, appeals a decision of the Middletown Municipal Court convicting him of attempted voyeurism.

{¶ 2} On the afternoon of October 31, 2014, K.B. was tanning in a booth at Palm Beach Tan in Middletown, Ohio. Bare chested and clad only in panties, she exited the bed and placed her cell phone on a nearby bench. At that time, K.B. glanced up and saw what she recognized as an Apple iPhone being held above the partition wall. She observed that

the camera lens was pointed in her direction, seemingly videotaping or photographing her.

{¶ 3} K.B. covered herself and yelled, banging on the partition. The phone disappeared behind the wall. K.B. then leaned out of her room and banged on the wall of the adjoining room. Reuss opened his door, disclaimed any wrongdoing, and swiftly exited the establishment. A few days later, Reuss was arrested at his place of employment.

{¶ 4} Reuss was charged with one count of voyeurism in violation of Middletown Codified Ordinance Section 666.05(d), a first-degree misdemeanor. Following a bench trial, Reuss was convicted of attempted voyeurism, a second-degree misdemeanor. The trial court imposed a 90-day jail term and ordered Reuss to register as a Tier I sex offender. Reuss timely appeals, raising two assignments of error.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT CONVICTED HIM OF ATTEMPTED VOYEURISM.

{¶ 7} Reuss challenges the sufficiency of the evidence underlying his conviction, raising two issues for our review. First, Reuss emphasizes the fact that the ordinance requires the perpetrator to record or photograph a person under or through their clothing. Reuss insists that it was physically impossible for him to violate the ordinance under the facts of the case.

{¶ 8} Whether the evidence presented at trial is legally sufficient to sustain a verdict is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52. When reviewing the sufficiency of the evidence supporting a criminal conviction, an appellate court examines the entire record to discern whether the evidence, if believed, would convince the average mind of the defendant's guilt. *State v. Kinsworthy*, 12th Dist. Warren No. CA2013-06-053, 2014-Ohio-1584, ¶ 52. The relevant inquiry is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the

essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶ 9} As stated, Reuss was convicted of attempting to violate Middletown Codified Ordinance Section 666.05(d), a local ordinance that mirrors R.C. 2907.08(D). Reuss insists that because K.B. was undressed, there was no clothing for him to attempt to photograph or record under or through. Due to the absence of this essential element of the offense, according to Reuss, it was physically impossible for him to violate the statute.

{¶ 10} R.C. 2907.08 criminalizes the following conduct:

(A)   No person, for the purpose of sexually arousing or gratifying the person's self, shall commit trespass or otherwise surreptitiously invade the privacy of another, to spy or eavesdrop upon another.

(B)   No person, for the purpose of sexually arousing or gratifying the person's self, shall commit trespass or otherwise surreptitiously invade the privacy of another to videotape, film, photograph, or otherwise record the other person in a state of nudity.

(C)   No person, for the purpose of sexually arousing or gratifying the person's self, shall commit trespass or otherwise surreptitiously invade the privacy of another to videotape, film, photograph, otherwise record, or spy or eavesdrop upon the other person in a state of nudity if the other person is a minor.

(D)   No person shall secretly or surreptitiously videotape, film, photograph, or otherwise record another person under or through the clothing being worn by that other person for the purpose of viewing the body of, or the undergarments worn by, that other person.

{¶ 11} After examining the statutory language, we are constrained to agree with Reuss' argument. The distinguishing feature of subsection (D) is that the recording or photographing is done under or through clothing being worn by the victim. Even assuming that Reuss stood on a bench, extended his phone over the partition, and recorded or photographed K.B., he did not do so under or through her clothing. This essential element

lies at the crux of subsection (D). *Compare State v. Huffman*, 165 Ohio App.3d 518, 2006-Ohio-1106 (1st Dist.) (defendant who surreptitiously videotaped women in a tanning salon convicted of voyeurism in violation of R.C. 2907.08[B] and [C]). The absence of this element is fatal to the charge levied against Reuss. Instead, Reuss should have been charged with a violation of subsection (A) or (B).

{¶ 12} The state maintains that R.C. 2907.08(D) requires only that the perpetrator acted with a purpose to view the victim's body and/or undergarments, not that the victim was clothed. In support, the state cites a decision issued by the Eleventh Appellate District. *State v. Wilson*, 192 Ohio App.3d 189, 2011-Ohio-155 (11th Dist.). The defendant in *Wilson* had placed hidden cameras in an air vent in his stepdaughter's room and in her shower. *Id.* at ¶ 11. The lower court found him guilty of one count of attempted voyeurism in violation of R.C. 2907.08(D) and one count of voyeurism in violation of R.C. 2907.08(A). In conducting its analysis, the appellate court ruled:

> Initially, we note that the purpose of sexually arousing or gratifying oneself is only an element of third-degree voyeurism, i.e., the charge that Wilson observed V.B. while showering. With respect to first-degree voyeurism, i.e., the attempted recording of V.B., the state need only prove a purpose of viewing her body and/or undergarments.

*Id.* at ¶ 44. The court then went on to analyze how circumstantial evidence could be used to infer that the perpetrator acted in pursuit of sexual arousal or gratification to support a conviction under subsection (A). *Id.* at ¶ 45-48.

{¶ 13} The subsection (D) charge involved the hidden camera in the stepdaughter's bedroom. *Id.* at ¶ 44. The *Wilson* court was silent as to whether this charge involved the victim in a state of dress or nudity when she was recorded in her bedroom. Rather, as stated, the breadth of the court's analysis focused upon the purpose element of subsection (A). Contrary to the state's arguments, *Wilson* does not stand for the proposition that a

charge of voyeurism under subsection (D) contemplates a disrobed victim. Therefore, we are unable to accept *Wilson* as persuasive authority to counter the conclusion that a clothed victim is an essential element of a voyeurism charge under R.C. 2907.08(D).

{¶ 14} Reuss raises a second issue in attacking the sufficiency of the evidence underlying his conviction. Citing certain statements made by the trial court, Reuss asserts that the court conflated the concepts of intent and attempt in rendering its guilty verdict. The state counters that the evidence establishes Reuss took substantial steps towards videotaping or recording K.B. rather than mere preparation, elevating his conduct to attempted voyeurism.

{¶ 15} As defined by R.C. 2923.02(A), someone attempts to commit an offense when they purposely or knowingly engage in conduct that, if successful, would constitute or result in the offense. This court previously distinguished the concepts of intent to commit a crime versus an attempt to commit a crime:

> "A 'criminal attempt' is when one purposely does or omits to do anything which is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime." A substantial step involves conduct which is "strongly corroborative of the actor's criminal purpose." An attempt is complete when a defendant's conduct or acts constitute a substantial step in a sequence of events designed to result in the perpetration of a crime.
>
> Neither the intent to commit a crime nor mere preparation constitutes an attempt. Instead, the focus is upon a defendant's conduct or overt acts after the intention has been formulated and preparation has been made. The conduct necessary for a criminal attempt "need not be the last proximate act prior to the consummation of the [offense]."

(Citations omitted.) *State v. Green*, 122 Ohio App.3d 566, 569-570 (12th Dist.1997).

{¶ 16} According to Reuss, the court improperly integrated the concepts of intent and attempt. Indeed, this assertion appears to be supported by the trial court's remarks. The court prefaced its imposition of sentence by stating, "I don't know if you took the picture or

not but I think that was your intention to do it." By its own admission, the court was unable to discern whether Reuss actually perpetrated an attempt. Rather, the court rested its finding of guilt upon its belief that Reuss intended to photograph K.B.

{¶ 17} One may not be convicted on intent alone. *Id. at* 570. At a minimum, there must be proof that a defendant engaged in substantial steps towards the perpetration of an offense to constitute an attempt within the meaning of R.C. 2923.02(A). *Id. at* 569-570. While there may have been evidence that Reuss intended to videotape or photograph K.B., this does not constitute proof sufficient to convince the average mind beyond a reasonable doubt that he attempted to do so.

{¶ 18} According to her testimony, K.B. could not tell whether Reuss' phone was operating when she glanced up from her tanning booth. The phone bore no indication regarding whether it was actively photographing or recording her. Police were unable to recover any photographs or video recordings from the phone seized. Furthermore, Reuss never admitted to making a video recording or taking a photograph of K.B. Without more, the trial court erred in basing its finding of guilt on Reuss' intent to violate the voyeurism statute.

{¶ 19} Reuss' first assignment of error is sustained.

{¶ 20} In his second assignment of error, Reuss submits that the trial court considered improper factors in determining the appropriate sentence. Because our disposition of the first assignment of error renders the second assignment moot, we need not address it.

{¶ 21} For the foregoing reasons, the judgment of the municipal court is reversed and Reuss is hereby discharged.

{¶ 22} Judgment reversed and Reuss discharged.

HENDRICKSON, J., concurs.

PIPER, P.J., concurs separately.

**PIPER, P.J., concurring separately.**

{¶ 23} While I concur in the majority opinion, I write separately to express my grave concern regarding the narrow way in which R.C. 2907.08(D) was drafted, and to emphasize that the narrow drafting needs to be corrected by the legislature. Requiring the videotaping, filming, photographing, or recording to occur "under or through" clothing "worn by" the victim significantly limits the application of subsection (D). As such, and as demonstrated by this case, the state is unable to prove guilt when the victim is surreptitiously photographed in a state of nudity. Criminalizing an invasion of privacy like this must be codified regardless of sexual arousal or gratification.

{¶ 24} The state, and trial court in issuing judgment, was faced with a quandary when the evidence revealed that the defendant surreptitiously recorded the victim, but was lacking evidence establishing the recording was done for sexual arousal or gratification. The first three options in R.C. 2907.08 are applicable only when the state can demonstrate the defendant's purpose was sexual gratification, and the only nongratification section is (D), which illogically requires the surreptitious videotaping be performed "under or through" clothing. As such, R.C. 2907.08 as written leaves a gap in the criminal statute, and forecloses the possibility of a conviction for situations similar to what happened here.

{¶ 25} I would therefore urge the Ohio Legislature to revisit R.C. 2907.08 and amend subsection (D) to permit criminal convictions for secretly or surreptitiously videotaping, filming, photographing, or otherwise recording another person for the purposes of viewing another in a state of nudity without their consent. By eliminating the need for the invasion of privacy to occur "through or under" the clothing of the victim, R.C. 2907.08(D) would have workable and reasonable application.