THE STATE OF OHIO, APPELLEE, *v.* Blythewood, Appellant.

[Cite as State v. Blythewood (1978), 60 Ohio App. 2d 300.]

(No. 37642—Decided September 28, 1978.)

*Mr. John T. Corrigan,* for appellee.

*Mr. Paul Mancino, Jr.,* for appellant.

DAY, J. Defendant-appellant, Dannie Blythewood (defendant), was indicted on two counts for violations of R. C. 3719.20 (A) and 3719.172, respectively. Defendant subsequently plead guilty to the first count and the second count was dismissed (Journal Entry dated March 26, 1976). Defendant was sentenced to 2-15 years and later filed a timely motion to suspend further execution of sentence (shock probation) pursuant to R. C. 2947.061 [1] (Journal Entry dated January 14, 1977). This motion was denied (Journal Entry dated February 14, 1977). We affirm.

Following defendant's arraignment, the case was assign-

---

[1] R. C. 2947.061 reads:

"Subject to sections 2951.02 to 2951.09 of the Revised Code, the trial court may, upon motion of the defendant made not earlier than thirty days nor later than sixty days after the defendant, having been sentenced, is delivered into the custody of the keeper of the institution in which he is to begin serving his sentence, or upon the court's own motion during the same thirty-day period, suspend the further execution of the sentence and place the defendant on probation upon such terms as the court determines, notwithstanding the expiration of the term of court during which such defendant was sentenced.

ed to the Honorable Judge John J. McMahon of the Court of Common Pleas, Cuyahoga County. It was Judge McMahon who received defendant's guilty plea and sentenced him to prison. However, it was Administrative Judge Leo M. Spellacy who entertained defendant's motion to suspend further execution of sentence. The journal entry succinctly states:

"It appearing Judge John J. McMahon is ill and unable to be present, Administrative Judge, Leo M. Spellacy, per Criminal Rule 25 (B), denies said Motion to Suspend Sentence." (Journal Entry dated February 14, 1977.)

Defendant filed a timely notice of appeal and assigned two errors.

## I.

*Assignment of Error No. 1:*

"Prejudicial error was committed when a judge other than the sentencing judge in this matter proceeded to overrule the motion of the defendant to further suspend execution of sentence."

Under this assignment of error, defendant contends that Administrative Judge Leo M. Spellacy was without legal authority to hear and determine defendant's motion to suspend further execution of sentence. This contention has two aspects.

Criminal Rule 25 (B) authorizes the administrative judge to designate *another* judge to perform the duties of one unable to do so. Defendant's position is that the rule does not permit the administrative judge to appoint *himself.* Were this contention to prevail it would import an unwarranted and unnecessary rigidity into the rule.

Criminal Rule 25 (B) states, in pertinent part:

"Rule 25. Disability of a Judge

*"(B) After verdict or finding of guilt.* If for any reason

"The court shall hear any such motion within sixty days after the filing date thereof and shall enter its ruling thereon within ten days thereafter.

"The authority granted by this section shall be exercised by the judge who imposed such sentence, unless he is unable to act thereon and it appears that his inability may reasonably be expected to continue beyond the time limit for such action. In such case, a judge of such court or assigned thereto may dispose of a motion filed under this section, in accordance with an assignment of the presiding judge, or as prescribed by the rules or practices concerning responsibility for disposition of criminal matters."

the judge before whom the defendant has been tried is unable to perform the duties of the court after a verdict or finding of guilt, another judge designated by the administrative judge***may perform those duties."

Defendant would give a literal reading to this rule and conclude that because it only provides for the designation of "another judge****by* the administrative judge" (emphasis added), the administrative judge may never appoint himself.

Under defendant's interpretation, the effect of Rule 25 (B) would be to divest the administrative judge of his judicial power. However obvious it may be on the face of Rule 25 (B) that defendant's contention is specious, a consideration of relevant Rules of Superintendence further negate it. It is clear that Rules 3 and 4 do not contemplate such a result.

Superintendence Rule 3 provides for the selection of an administrative judge. Through a majority vote of all the judges in a multi-judge division of a Court of Common Pleas, they "select *one of their number* to act as administrative judge." (Emphasis added.)

Superintendence Rule 4 states in part:

"It is also permissible to relieve, by local rule, the administrative judge from a part or all of his trial duties during his term to permit him to utilize a part of his time to manage the calendar and docket of the division."

Obviously, the administrative judge retains those duties and powers of which he is not relieved or which are not inconsistent with other Rules of Superintendence or local rules adopted pursuant to Superintendence Rule 9. [2] No local rule in Cuyahoga County strips the administrative judge of all trial powers. Therefore, this is no impediment to his designating himself as "another judge" within the meaning of Rule 25 (B).

Defendant's second contention under this assignment of error is that Superintendence Rule 8 (D) and R. C. 2947.061 require that if the sentencing judge is unable to entertain a motion to suspend further execution of sentence, then the

---

[2] *"Superintendence Rule 9*

"Nothing in these superintendence rules prevents any local rule of practice which seeks to promote the use of any device or procedure which would tend to facilitate the earlier disposition of cases, including the making of local rules of court restricting the volume of cases attorneys may undertake."

judge assigned to hear the motion must make an affirmative finding that the sentencing judge will be unable to do so within sixty days of filing the motion.

Rule 8 (D) and R. C. 2947.061 require that the motion be ruled upon within seventy days of filing. The rule and statute, in virtually identical language, also provide:

"The authority granted***shall be exercised by the judge who imposed such sentence, *unless he is unable to act thereon and it appears that his inability may reasonably be expected to continue beyond the time limit for such action.* In such case, a judge of such court or assigned thereto may dispose of a motion filed under this section, in accordance with an assignment of the presiding judge, or as prescribed by the rules or practices concerning responsibility for disposition of criminal matters." (Emphasis added.)

It is the emphasized language which defendant asserts requires an affirmative showing that the term of disability will be commensurate with the prescribed time limit before another judge may rule on the motion. Judge Spellacy's ruling contains no such finding.

Certainly it is desirable that the judge who is most familiar with a case be the one to pass judgment on shock probation. However, the factual basis for that desideratum largely vanishes when the issue of shock probation arises after a plea.

In a trial the judge has a special opportunity for insight into the defendant's problems. This same perception is not available when a plea is taken except as the plea hearing may be supplemented by a probation report. That document is valuable to either a "plea taking" or substitute judge in about equal proportions. However, even were this not a "plea" case, the defendant should not prevail. For it would require a medical determination before every such substitution. This would be an awkward and time-consuming process. It is unreasonable to suppose that the legislature intended any such antecedent procedure to ripen an administrative action.

Judicial proceedings carry a presumption of regularity. [3] Therefore, the substitution here is presumed to be regular.

---

[3] The finding of illness and inability in the present case was sufficient to satisfy the requirements of *Ohio* v. *Deniro* (8th App. Dist., No. 35493, unreported) at p. 4. The finding also buttressed the presumption of regularity.

Rebuttal is the responsibility of the proponent of irregularity. The defendant has provided no medical evidence to affirmatively demonstrate that the administrative judge acted with impropriety in offering himself in place of the judge whom illness overtook before shock probation became an issue.

Assignment of Error No. 1 is without merit.

II.

*Assignment of Error No. 2:*

"Other errors apparent upon the face of the record and occurring during the course of the proceedings."

Errors not specifically pointed out in the record and separately argued by brief may be disregarded, App. R. 12 (A).

*Judgment affirmed.*

STILLMAN, P. J., and PRYATEL, J., concur.