OPINION
{¶ 1} Appellant, Bernard J. Corradetti, appeals the May 9, 2001 judgment entry of the Lake County Court of Common Pleas, in which he was found guilty of bribery and sentenced to a term of five years.
 {¶ 2} On March 21, 2001, appellant was charged by way of information with one count of bribery, in violation of R.C. 2921.02(C), a felony of the third degree. Pursuant to the information, it was alleged that appellant corrupted a witness or improperly influenced her testimony by offering her a valuable thing. On March 21, 2001, appellant entered a written plea of guilty to the charge. In an entry dated March 22, 2001, the trial court accepted appellant's guilty plea and deferred sentencing to a later date so that the matter could be referred to the Lake County Adult Probation Department for a presentence investigation and report. A sentencing hearing was held on May 4, 2001. A certificate of assignment was filed with the trial court on May 9, 2001, in which the Chief Justice of the Supreme Court of Ohio assigned the case to the Honorable Robert E. Feighan, effective March 5, 2001. In an entry dated May 9, 2001, the trial court sentenced appellant to five years in prison to be served concurrently with the eleven-month sentence he received for a theft charge from Lake County Court of Common Pleas Case No. 00-CR-000332.[1]
It is from that entry appellant timely filed the instant appeal and asserts the following as error:
 {¶ 3} "[1.] The lower [c]ourt erred and denied [appellant] [d]ue [p]rocess of [l]aw by proceeding on to sentencing in violation of [Crim.R.] 25(B)[.]
 {¶ 4} "[2.] The [t]rial [c]ourt [e]rred as a matter of law by imposing the maximum prison sentence[.]"
 {¶ 5} In his first assignment of error, appellant argues that the trial court denied him due process by violating Crim.R. 25(B) since he was not sentenced by the same judge who accepted his guilty plea. The case was initially assigned to the Honorable James W. Jackson. However, Judge Jackson became ill for a period of time and ultimately passed away in November 2001. When appellant entered his guilty plea on March 21, 2001, he was before the Honorable J. Warren Bettis, who was sitting by assignment. Judge Bettis accepted the guilty plea and referred the matter to the Adult Probation Department for preparation of the presentence report. The sentencing hearing took place on May 4, 2001, before Judge Feighan. Pursuant to an agreed statement, in accordance with App.R. 9(D), filed on June 17, 2001, Judge Feighan presided at the sentencing hearing as Judge Bettis was "unavailable due to a medical problem."
 {¶ 6} Pursuant to Crim.R. 25(B), "[i]f for any reason the judge before whom the defendant has been tried is unable to perform the dutiesof the court after a verdict or finding of guilt, another judge designated * * * may perform those duties. If such other judge is satisfied that he cannot perform those duties because he did not preside at the trial, he may in his discretion grant a new trial." (Emphasis added.)
 {¶ 7} Crim.R. 25(B) "inferentially commands that unless unable to do so, the judge who presided at the criminal trial must also preside at the post-conviction proceedings, including sentencing." Beatty v. Alston
(1975), 43 Ohio St.2d 126, 127. In State v. Green (1997),122 Ohio App.3d 566, 571, the Twelfth District Court of Appeals held it was proper under Crim.R. 25(B) for Judge Bressler to sentence the defendant even though he was found guilty in a bench trial before Judge Elliot because Judge Elliot retired soon after the defendant's trial. Furthermore, in State v. Blythewood (1978), 60 Ohio App.2d 300, 301-302, the Eighth District Court of Appeals held that where the judge who accepted the defendant's guilty plea and imposed sentence could not rule on the defendant's subsequent motion, an administrative judge properly performed those duties under Crim.R. 25(B).
 {¶ 8} Crim.R. 25 clearly uses the terms "unable to perform his duties of the court after a verdict or finding of guilt." In Green, supra, Judge Elliot was permanently "unable to perform" his duties at the time of sentencing the defendant because of his retirement. In Blythewood, the presiding judge was "unable to perform" his duties indefinitely due to illness. In State v. Cisternino (Mar. 30, 2001), 11th Dist. No. 99-L-137, 2001 WL 314798, at 10, the judge who presided over the appellant's trial was unavailable to sentence him, and the record did not indicate the specific reason why. As a result, Judge Bettis was assigned to sentence the appellant. The appellant objected and requested that the presiding judge sentence him since he had heard the evidence, but Judge Bettis assured the appellant that he reviewed the presentence report and that he held a certificate of assignment signed by Chief Justice Moyer allowing him to preside in the Lake County Court of Common Pleas.
 {¶ 9} In the case sub judice, appellant entered a plea of guilty to the bribery charge before Judge Bettis. However, when the matter came on for sentencing, Judge Bettis was unable to perform the duties of the court due to a medical problem. Therefore, it is our view that there was nothing improper about Judge Feighan conducting the sentencing hearing. Since appellant entered a plea of guilty by way of information, there were submissions introduced at the plea hearing. Further, in this case, there was a reason in the record as to why Judge Bettis was unable to perform the duties of the court. Hence, there was no violation of Crim.R. 25(B).
 {¶ 10} Moreover, even if Crim.R. 25(B) has no application, this case involved the assignment of a visiting judge from another court to handle and conclude any proceedings occurring in the court during his period of assignment. The Ohio Constitution and Rules of Superintendence allow for temporary assignments of visiting judges. Specifically, the Ohio Constitution at Section 5(A)(3), Article IV, provides, "[t]he chief justice or acting chief justice, as necessity arises, shall assign any judge of a court of common pleas or a division thereof temporarily to sit or hold court on any other court of common pleas or division thereof * * *." This section also allows the Supreme Court to adopt rules to facilitate these temporary assignments. For instance, a rule was adopted allowing the administrative judge in a court to "[r]equest, as necessary, the assignment of judges to the court or division by the Chief Justice of the Supreme Court or the presiding judge of the court." Sup.R. 4(B)(6). The rules do not provide any further requirements for these assignments.
 {¶ 11} In the present case, the Lake County Clerk of Courts retained a time-stamped copy of the certificate of assignment for Judge Feighan, which was signed by the Chief Justice of the Supreme Court. This certificate of assignment is sufficient to demonstrate the legitimacy of Judge Feighan's authority to handle any proceedings in the court for the months April, May, and June of 2001.
 {¶ 12} Furthermore, Ohio courts are governed by the Ohio Rules of Superintendence. Forsyth v. Feinstein (Feb. 18, 2000), 2d Dist. No. 99-CA-66, 2000 WL 192298, at 3. Since these rules and the Ohio Constitution allow for the assignment of visiting judges "as necessary," and the clerk's docket contained a valid certificate of assignment, the decision signed by Judge Feighan is not void or voidable. There are "Guidelines for Assignment of Judges" which indicate that a copy of the certificate of assignment should be placed in the case file handled by the visiting judge; however, unlike the Rules of Superintendence, these guidelines are not binding on Ohio courts. Id. Thus, even though it may be better practice for courts to put a copy of the certificate of assignment in each file handled by the visiting judge, failure to do so does not constitute reversible error. Accordingly, appellant's first assignment of error lacks merit.
 {¶ 13} For his second assignment of error, appellant contends that the trial court erred by imposing the maximum sentence. For committing the bribery, appellant received the maximum term of five years.
 {¶ 14} An appellate court will not reverse a sentence unless an appellant shows that the trial court was statutorily incorrect or that it abused its discretion by failing to consider sentencing factors. Statev. Starkweather (Mar. 29, 2002), 11th Dist. No. 2001-A-0006, 2002 WL 479883, at 1, citing State v. Jackson (Apr. 20, 2001), 11th Dist. No. 99-L-134, 2001 WL 409542, at 7. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams
(1980), 62 Ohio St.2d 151, 157.
 {¶ 15} Pursuant to State v. Edmonson (1999), 86 Ohio St.3d 324,328, if a trial court imposes the maximum prison term, it must, either in the colloquy or in the judgment entry, "make a finding that gives its reasons for selecting the sentence imposed * * *." See, also, R.C.2929.19(B)(2). R.C. 2929.19(B)(2)(d) provides that the sentencing court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed "* * * [i]f the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code * * *."
 {¶ 16} Moreover, R.C. 2929.14(C) states that "* * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders * * *."
 {¶ 17} R.C. 2929.12 provides a general list of factors the trial court must consider in deciding the seriousness of the conduct or whether an offender posed the greatest risk of recidivism. In determining whether an appellant committed one of the worst forms of the offense, the court must consider if the victim suffered serious physical, psychological, or economic harm. R.C. 2929.12(B)(2). In ascertaining if an appellant posed a risk of recidivism, the court must verify whether the appellant was on parole or probation at the time of the offense, whether he showed genuine remorse for the offense, and whether he had pleaded guilty to or been convicted of a prior criminal offense. R.C. 2929.12(D)(1) and (5). See, also, R.C. 2929.12(E)(2) and (5).
 {¶ 18} In Edmonson, 86 Ohio St.3d at 329, the Supreme Court of Ohio addressed the statutory requirements for imposing a maximum sentence and determined that "[i]n order to lawfully impose the maximum term for a single offense, the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)."
 {¶ 19} Furthermore, we have held that the findings required by R.C. 2929.12 and R.C. 2929.14 must appear in the judgment or somewhere on the record in the sentencing exercise. Starkweather, supra, at 2, citing State v. Boles (June 25, 1999), 11th Dist. No. 98-A-0061, 1999 WL 454562, at 4. This court has also stated that a sentence which repeats the language of R.C. 2929.14(E)(4) "without any indicia of a consideration of the factors set forth would be insufficient. For a meaningful review, the record must contain some indication, by use of specific operative facts, that the court considered the statutory factors in its determination." State v. Kase (Sept. 25, 1998), 11th Dist. No. 97-A-0083, 1998 WL 682392, at 2.
 {¶ 20} In the case at bar, when the trial court sentenced appellant it stated:
 {¶ 21} "* * * In weighing the seriousness of the crime, the recidivism factors, a prison term is consistent with the purpose of Revised Code section 2911.11. * * *
 {¶ 22} "In reaching this decision I have considered the following factors: The Court finds that the victim suffered serious psychological or economic harm. [Appellant] stole her credit cards while she was getting a massage. * * * [Appellant] was charged with rape, plead [sic] guilty to gross sexual imposition in very similar circumstances, and the sentence in that case in Cuyahoga County is presently pending. The Court finds no mitigating factors.
 {¶ 23} "When we talk about bribery, we talk about an offense that goes against the very nature of the justice system, particularly the criminal justice system. If victims and witnesses can be intimidated, bribed, or in any other way by any other means kept from appearing in Court as a witness, then the entire system is at risk.
 {¶ 24} "The Court finds [appellant] is more likely to commit an offense in the future because this offense was committed while [appellant] was * * * either on bail, under community control sanctions, or post release control; previous criminal history, which I will not read here but will be incorporated into the record. Rehabilitation failure after previous convictions; failed to respond in the past to probation or parole. Pattern of drug/alcohol abuse; offender refuses to acknowledge problem or accept treatment.
 {¶ 25} "* * * [I]t will be the order of the Court that [appellant] will be sentenced to the Lorain Correctional Institute on the count of theft for a period of [eleven] months. On the bribery charge [appellant] will be sentenced to the Lorain Correctional Institute for a period of five years. The Court finds that a lesser sentence would demean the seriousness of the offense and not adequately protect the public and punish [appellant] * * *."
 {¶ 26} Based on the foregoing colloquy, in our view, the trial court sufficiently made a finding as to appellant posing the greatest likelihood of committing future crimes as required by R.C. 2929.14(C), and the trial court considered all of the factors in sentencing appellant.
 {¶ 27} Furthermore, in the sentencing entry dated May 9, 2001, the trial court explained that appellant "committed the worst form of the offense in that he was attempting to thwart justice by encouraging a victim to corrupt her testimony and assisted her in avoiding service of a subpoena. [Appellant] poses the greatest likelihood of recidivism in that [he] has an extensive criminal history dating back to the 1970's. Said history includes numerous theft offenses including breaking and entering, receiving stolen property, attempted extortion, tampering with records and several drug offenses. At the time of this offense, [appellant] was on judicial release for attempted extortion and tampering with records. While on judicial release, he has also plead guilty to gross sexual imposition in Cuyahoga County. It is for these reasons, that the Court finds that [appellant] poses the highest likelihood of recidivism."
 {¶ 28} In addition to the colloquy at the hearing, the sentencing entry clearly supports imposition of the maximum sentence for appellant's conviction. Therefore, it is our determination that the trial court complied with the mandates of R.C. 2929.19(B)(2)(d) and R.C. 2929.14(C). Appellant's second assignment of error is overruled.
 {¶ 29} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of Lake County Court of Common Pleas is affirmed.
JUDITH A. CHRISTLEY, J., ROBERT A. NADER, J., concur.
[1] Appellant entered a plea of guilty to one count of theft, a felony of the fifth degree, and he was sentenced to eleven months in prison. Appellant is not challenging the sentence for the theft charge. The theft charge was the result of an incident that occurred at appellant's house. Appellant invited the victim over and gave her a massage. After the victim left his house, she received a phone call from her credit card company as to whether she had recently made purchases on her credit card totaling $3,600. The victim checked her purse and discovered that her credit card and $30 in cash were missing. As a result, she contacted the police department. The victim identified appellant as the masseuse and charges were filed against him. Because of these charges the victim was subpoenaed to testify, but she was difficult to locate. Upon locating her, she stated that appellant had given her money in exchange for her agreeing not to testify. As a result, appellant was charged with bribery.