OPINION
{¶ 1} Defendant-appellant Floyd Neal Blake ("Blake") brings this appeal from the judgment of the Court of Common Pleas of Union County finding him to be a sexual predator and sentencing him to five years in prison.
 {¶ 2} On August 19, 2002, Blake was indicted on four counts of rape and four counts of gross sexual imposition. The basis of the indictment was the alleged sexual contact and intercourse with two girls under the age of 13. On January 17, 2003, the State voluntarily dismissed the two counts of rape and the two counts of gross sexual imposition for the alleged contact with the younger child. On January 23, 2003, the State voluntarily dismissed one count of rape and one count of gross sexual imposition for the alleged contact with the older child. Blake and the State then entered into a plea agreement where the State would dismiss the remaining rape charge and Blake would enter a guilty plea to one count of gross sexual imposition.
 {¶ 3} On March 5, 2003, the trial court ordered Blake to serve the maximum sentence of five years in prison. Blake appealed the sentence and the oral finding by the trial court that he was a sexual predator. On July 29, 2003, this court reversed the trial court and remanded the matter for resentencing. This court could not address the sexual predator question because no final appealable order was on the record. On August 29, 2003, the trial court resentenced Blake to the maximum sentence of five years in prison and found Blake to be a sexual predator. It is from this judgment that Blake brings this appeal and raises the following assignments of error.
The [trial] court erred by considering dismissed and nolle'dcases as a basis to sentence [Blake] to a maximum sentence on theconvicted charge and violated [Blake's] right to fundamentalfairness.
 It was error for the [trial] court to find [Blake] to be asexual predator upon remand, after not properly making thefinding at the previous sentencing hearing and without hearingsufficient evidence to support such a finding by clear andconvincing evidence.
 {¶ 4} In the first assignment of error, Blake claims that the trial court erred by sentencing him to the maximum sentence. Upon remand, the trial court was ordered to state its reasons for imposing the maximum sentence on the record, pursuant to R.C.2929.19(B). The trial court subsequently resentenced Blake to the same sentence but placed its reasons for doing so on the record. The claimed error is that the trial court's reasons are based upon the alleged events that occurred in the charges which the State filed a motion to nolle prosequi. A review of the record clearly indicates that the trial court believed Blake had committed the charges which were voluntarily dismissed by the State and that Blake should be punished for those charges. The trial court states outright that it believes Blake committed the other offenses for which he was not convicted. Based upon that belief, the trial court sentenced Blake to the maximum sentence.
 {¶ 5} A trial court may consider allegations that form the basis of charges dismissed pursuant to a plea agreement when sentencing a defendant. State v. Williams, 2nd Dist. No. 19026, 2002-Ohio-2908. However, there are limits on this discretion. The trial court's consideration cannot indicate a bias toward the defendant indicating that the trial court believes that the defendant is guilty of the charges which were dismissed. State v. Fisher, 11th Dist. No. 2002-L-020, 2003-Ohio-3499. In Fisher, a murder charge was dismissed and the defendant entered a guilty plea to voluntary manslaughter. At sentencing, the trial court indicated that it believed that Fisher was actually guilty of murder and imposed the maximum sentence for the voluntary manslaughter charge. The sentence was reversed on appeal for the following reasons.
By commenting on appellant's guilt as to the murder charge,the court demonstrated a belief that appellant was legallyaccountable for a higher crime. As such, the court's decision toimpose the maximum sentence was, at least in part, a function ofits belief that appellant was guilty of the dismissed murdercharge.
* * *
A court transcends its discretion when it states that itssentence is based in part or in whole on its conclusion thatdefendant is guilty of a higher, dismissed charge. In doing so,we believe the court does not merely consider evidence relatingto the higher charge, but manufactures extra evidence as a basisfor a higher sentence. In such a scenario, the court's sentenceis a product of evidence that was neither produced nor proved.Therefore, although we agree a court can consider evidencerelating to a higher dismissed charge, it should not espouse itspersonal belief regarding a defendant's guilt with respect tothat higher charge.
 To summarize, although the court complied with the statutorysentencing factors, it nevertheless committed the deleteriouserror of interposing, on the record, its own value laden beliefregarding the appellant's guilt on a higher charge of murder.Although appellant was originally charged with murder, no factswere presented during the sentencing hearing on which the courtcould reasonably and legitimately make this finding. We do notbelieve the sentencing court should factor in conclusionsregarding a defendant's guilt on charges that were neverprosecuted. After all, if the court felt so strongly aboutappellant's guilt with respect to the original charges, it couldhave rejected the proposed plea agreement. However, because thecourt accepted the plea and went on to communicate its belief asto appellant's guilt on a non-existent charge, it erroneouslyconsidered unsubstantiated, prejudicial facts in arriving at itssentence.
 Without a charge, there is nothing on which one can predicatea defendant's guilt. When the court expressed its belief as toappellant's guilt on a dismissed charge, it demonstrated a tacitbias towards appellant. Such a bias suggests the court may haveimproperly relied on its tendentious conclusion when it sentencedappellant to the maximum sentence. Therefore, it is our beliefthat appellant's sentence was contrary to law.
Id. at ¶ 20-27.
 {¶ 6} In this case, the trial court expressly stated its belief that Blake had committed the offenses which the State had voluntarily dismissed prior to the plea agreement. No evidence was entered to support the conclusion that Blake committed those offenses. The trial court also expressed its belief that Blake had committed the rape charge which was dismissed pursuant to the plea agreement. Although all of these things can be considered to determine likelihood to recidivate, they cannot be the sole basis for imposing the maximum sentence. To allow that is to permit Blake to be convicted of those offenses without a trial or an opportunity to defend himself by cross-examining the witnesses. The trial court approved the voluntary dismissals by the State and approved the plea agreement. By doing so, it gave up the right to find Blake guilty of those charges. By expressing the belief that Blake was guilty of those charges and basing the sentence on that belief, the trial court indicated a bias towards Blake and implies an improper sentence. This is especially the case when considering Blake guilty of the offenses against the second girl. Those charges were voluntarily dismissed by the State and Blake never indicated any guilt in connection with those charges. For these reasons, the trial court erred in sentencing Blake to the maximum sentence for the reasons stated. The first assignment of error is sustained.
 {¶ 7} Blake alleges in the second assignment of error that the trial court erred in finding him to be a sexual predator. This court has held that the trial court must consider the statutory factors listed in R.C. 2950.09(B)(2) and place into the record the particular evidence and factors upon which it relies in making its determination. State v. Naugle, 3rd Dist. No. 2-02-16, 2003-Ohio-2385 (citing State v. Eppinger [2001],91 Ohio St.3d 158, 743 N.E.2d 881). This court has recently determined that a judgment entry which properly recites the relevant factors and evidence satisfies this requirement. Statev. Naugle, 3rd App. No. 2-03-32, 2004-Ohio-1944.
 {¶ 8} In this case, there is neither an adequate dialogue at the hearing nor an adequate judgment entry to create a sufficient record of the statutory findings or the evidence considered by the trial court. Accordingly, there is not a sufficient record in this case for review. The second assignment of error is sustained.
 {¶ 9} The judgment of the Court of Common Pleas of Union County is reversed and the cause is remanded for further proceedings.
Judgment reversed and cause remanded.
Shaw, P.J., and Cupp, J., concur.