OPINION
{¶ 1} Defendant-appellant Ricky Bixler ("Bixler") brings this appeal from the judgment of the Court of Common Pleas of Putnam County in which he was convicted of rape and sentenced to a term of ten to twenty-five years in prison.
 {¶ 2} On November 15, 1992, the Leipsic Police Department received a call concerning a rape that had occurred at a residence. The victim was taken to the hospital and evidence was gathered and sent to the BCI. In July, 2002, the Kansas Bureau of Investigation ("KBI") notified the BCI that they had found a DNA match for the evidence from the 1992 rape. KBI indicated that the offender was Bixler, who was serving a prison sentence in Kansas at that time. In October, 2002, BCI obtained a search warrant and processed Bixler's DNA. Test results indicated that Bixler could not be excluded as the rapist. On February 18, 2003, Bixler was indicted on one count of aggravated burglary, one count of aggravated robbery and one count of rape with a firearm specification. On August 11, 2003, Bixler's attorney filed a motion to dismiss the charges based upon the expiration of the statute of limitations. The State filed its answer on August 20, 2003. On August 29, 2003, Bixler, upon the advice of counsel, withdrew all pending motions and entered a guilty plea to rape without a firearm specification. The plea was accepted and the remaining charges were dismissed. The trial court sentenced Bixler to a sentence of ten to twenty-five years in prison, to be served concurrently with Bixler's Kansas sentence. The trial court also found Bixler to be a sexual predator. Bixler appeals from these judgments and raises the following assignments of error.
[Bixler] was denied effective assistance of counsel by thewithdrawal of the motion to dismiss.
 The trial court committed an error of law by classifying[Bixler] as a sexual predator.
 {¶ 3} As a preliminary matter, this court notes that Bixler has pending a motion to strike portions of the record. The reason for the motion is that the State is attempting to supplement the record with documentation that was not before the trial court. This court grants the motion to strike and will not consider any of the evidence that was not properly before the trial court when the judgments from which this appeal is taken were entered.
 {¶ 4} In the first assignment of error, Bixler claims that his counsel was ineffective for withdrawing the motion to dismiss on the grounds that the statute of limitations has expired. "Reversal of convictions on ineffective assistance requires the defendant to show `first that counsel's performance was deficient and, second that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.'" State v.Cassano, 96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81, ¶ 105. Upon review, an appellate court must make a strong presumption that counsel's conduct was within the acceptable range of reasonable professional assistance. Id. at ¶ 108. One who claims counsel was ineffective must show that there was a reasonable probability that but for counsel's errors, the result of the trial would have been different. Id.
 {¶ 5} In this case, Bixler's original counsel filed a motion to dismiss claiming that the statute of limitations had expired. The State filed an answer claiming that Bixler had voluntarily left the jurisdiction, which tolls the statute of limitations. The statute provides that leaving the state is prima facie evidence that the defendant was avoiding prosecution. However, before the trial court could rule on the matter, a plea agreement was reached in which all of the charges, except the rape charge, were dismissed and Bixler entered a guilty plea to rape without the gun specification. The State also recommended a minimum term of 15 years in prison prior to consideration for parole and recommended that it be served concurrently with Bixler's Kansas sentence.[1]
 {¶ 6} At the sentencing hearing, the trial court held the following dialogue with Bixler.
[The Court:] Do you understand the nature of the chargecontained in the indictment and any possible defenses that youmay have to the charge?
 [Bixler:] Yes I do.
 Q. Do you understand the motions that were filed on yourbehalf?
 A. Yes.
 Q. And you understand today that those motions are beingwithdrawn and will not be pursued?
 A. Yes, sir.
 Q. Do you understand that they therefore could not beappealed?
 A. Yes.
 Q. Do you understand that there will be no finding by thiscourt and an appellate court would not and could not review thosematters?
 A. I understand
 Q. Are you satisfied with your attorney's advice and with hiscompetence?
 A. Yes.
Sentencing Tr. 10-11. After completely complying with the requirements of Crim.R. 11, the trial court accepted the guilty plea. The trial court then sentenced Bixler to 10 to 25 years in prison, to be served concurrently with the sentence in Kansas.
 {¶ 7} If Bixler had been convicted of the charges in the indictment, he could have been sentenced to anything from 8 years in prison to 78 years in prison.[2] By accepting the plea, Bixler knowingly withdrew the defense of the statute of limitations and accepted a reduced sentence in exchange. If counsel's motion to dismiss was successful, Bixler would not have had to serve any sentence. However, if the motion to dismiss was overruled, Bixler could have faced 78 years in prison. The evidence is clear that Bixler had left the jurisdiction of the State of Ohio before the statute of limitations had expired. The statute specifically provides for a tolling of the statute of limitations if the defendant willfully leaves the jurisdiction to avoid prosecution. R.C. 2901.13(G). The fact that the defendant absented himself from the state is prima facie evidence of the intent to avoid prosecution. Id. Given the evidence that Bixler left the State of Ohio before his incarceration in Kansas in 1994, the trial court reasonably could have concluded that Bixler left the State of Ohio to avoid prosecution. Thus, trial counsel was not deficient for arranging a plea agreement with the State and withdrawing the motion to dismiss. Additionally, Bixler knew that by accepting the plea agreement he would be withdrawing the motion to dismiss and voluntarily agreed to do so. Based upon this evidence, counsel for Bixler was not ineffective and the first assignment of error is overruled.
 {¶ 8} Bixler claims in the second assignment of error that the trial court erred by finding him to be a sexual predator. This court notes that at the beginning of the sentencing hearing, Bixler stipulated to the admission of documents to be considered in determining whether Bixler is a sexual predator. Contrary to the State's assertion, the record does not indicate that Bixler stipulated to being found a sexual predator. This court has held that a trial court must consider the statutory factors listed in R.C. 2950.09(B)(2) and place into the record the particular evidence and factors upon which it relied in making its determination. State v. Blake, 3rd Dist. No. 14-03-33, 2004-Ohio-1952. This requirement can be met through either a dialogue at the hearing or through the judgment entry. Id. at ¶ 7. In this case, the trial court neither engaged in an adequate dialogue at the hearing nor entered an adequate judgment entry to create a sufficient record of the statutory findings or the evidence considered by the trial court. Thus, there is an insufficient record in this case for review. The second assignment of error is sustained.
 {¶ 9} The judgment of the Court of Common Pleas of Putnam County is affirmed in part and reversed in part. The matter is remanded for further proceedings.
Judgment affirmed in part, reversed in part and cause remanded.
Shaw, P.J., and Cupp, J., concur.
[1] If followed, the State's recommendation would make Bixler eligible for parole in 2018. However, Bixler's Kansas sentence does not expire until 2019.
[2] The aggravated robbery and aggravated burglary charges contain a minimum sentence of five years. The gun specification on the rape charge is a mandatory three year sentence.