OPINION
{¶ 1} Defendant-appellant John R. Frantal ("Frantal") brings this appeal from the judgment of the Court of Common Pleas of Allen County finding him to be a sexual predator.
 {¶ 2} Frantal, then 31 years old, formed a "relationship" with Emily, a 12 year-old girl, via conversations over the internet.[1] On May 17, 2003, Frantal met Emily in front of her home and took her to a local hotel where the two engaged in sexual activities. The two made arrangements to meet the next day and Frantal took Emily home. Later that day, Emily told her parents she was going for a walk, but met with Frantal instead. Emily's parents became concerned when she did not return home and called the police. A review of Emily's diary revealed the "relationship" with Frantal and the police distributed an attempt-to-locate on Frantal's vehicle. At 12:35 a.m. on May 18, 2003, the police received a report that Emily and Frantal were at the reservoir. The police arrived and Frantal was arrested. Upon questioning, Frantal admitted to engaging in sexual intercourse with Emily throughout the two day period.
 {¶ 3} On June 12, 2003, Frantal was indicted on four counts of rape and two counts of importuning. Frantal entered pleas of not guilty on June 21, 2003. On October 10, 2003, Frantal, pursuant to a plea agreement, entered a guilty plea to two counts of rape and one count of importuning. The remaining charges were dismissed. On November 26, 2003, a sexual predator and a sentencing hearing were held. The trial court sentenced Frantal to five years in prison on each of the rape convictions to be served consecutively and to one year in prison on the importuning conviction, to be served concurrently. The trial court also found Frantal to be a sexual predator. Frantal appeals from the trial court's judgment and raises the following assignment of error.
The trial court's sexual predator determination as against themanifest weight of the evidence and that the court failed to usethe clear-and-convincing standard when determining whether[Frantal] was a sexual predator.
 {¶ 4} When determining whether an offender is a sexual predator, the trial court must find by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. State v.Eppinger (2001), 91 Ohio St.3d 158, 743 N.E.2d 881. The trial court must consider all relevant factors, including, but not limited to, all of the factors listed in R.C. 2950.09(B)(2). The trial court must make this consideration on the record, either at the hearing or in the journal entry. State v. Blake, 3rd
Dist. No. 14-03-33, 2004-Ohio-1952.
 {¶ 5} In this case, the trial court reviewed the written report by Dr. Susan Dyer, the psychologist, as well as the testimony of Dr. Dyer at the hearing. The trial court made a finding that Frantal had committed a sexual offense. Based upon the testimony of Dr. Dyer, and the fact that Frantal expressed no remorse for his actions and stated that he would like to continue his relationship with Fisher, the trial court found that he was likely to repeat his offenses. The trial court reviewed all of the statutory factors on the record at the hearing and repeated that review in the journal entry. Since there is substantial evidence to support the trial court's findings, this court cannot find that the sexual predator finding is against the manifest weight of the evidence. The trial court did not abuse its discretion in finding Frantal to be a sexual predator and the assignment of error is overruled.
 {¶ 6} The judgment of the Court of Common Pleas of Allen County is affirmed.
Judgment affirmed.
 Shaw, P.J., and Rogers, J., concur.
[1] Frantal believed Emily to be 15 years of age.