[Cite as *State v. Jones*, 2017-Ohio-4337.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No.  L-15-1308

        Appellee                                    Trial Court No.  CR0201501155

v.

Shonta Jones, Jr.                                     **DECISION AND JUDGMENT**

        Appellant                                   Decided:  June 16, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Claudia A. Ford, Assistant Prosecuting Attorney, for appellee.

Mollie B. Hojnicki-Mathieson, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

**{¶ 1}**  This matter is before the court sua sponte.  On June 6, 2017, we granted the

state of Ohio's motion for reconsideration of our January 27, 2017 decision and judgment

and affirmed the November 3, 2015 judgment of the Lucas County Court of Common

Pleas based on the Supreme Court of Ohio's reconsideration in *State v. Aalim*, Slip Opinion No. 2017-Ohio-2956. Our decision, however, failed to address the assignment of error in appellant's appeal unrelated to *Aalim*, and now rendered decisional.

{¶ 2} On appeal, in a supplemental brief, appellant raised the following additional assignment of error:

> 3) Appellant's sentence is Contrary to Law.

{¶ 3} In this assignment of error, appellant argued that in sentencing him the court erred in ordering his involuntary manslaughter sentence to be a mandatory sentence under R.C. 2903.04(D), where there was no evidence that the basis of the violation was an OVI. R.C 2903.04(D) provides:

> (D) If an offender is convicted of or pleads guilty to a violation of division (A) or (B) of this section and if the felony, misdemeanor, or regulatory offense that the offender committed or attempted to commit, that proximately resulted in the death of the other person or the unlawful termination of another's pregnancy, and that is the basis of the offender's violation of division (A) or (B) of this section was a violation of division (A) or (B) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance or included, as an element of that felony, misdemeanor, or regulatory offense, the offender's operation or participation in the operation of a snowmobile, locomotive, watercraft, or

2.

aircraft while the offender was under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, both of the following apply:

(1) The court shall impose a class one suspension of the offender's driver's or commercial driver's license or permit or nonresident operating privilege as specified in division (A)(1) of section 4510.02 of the Revised Code.

(2) The court shall impose a mandatory prison term for the violation of division (A) or (B) of this section from the range of prison terms authorized for the level of the offense under section 2929.14 of the Revised Code.

{¶ 4} In sentencing appellant, the trial court's November 3, 2015 judgment entry references R.C. 2903.04(D)(2), as supporting its imposition of a "mandatory" prison term. In its response brief, the state concedes this is in error.

{¶ 5} Accordingly, we find that the trial court erred in sentencing appellant and that the sentence is contrary to law. Appellant's third assignment of error is well-taken.

{¶ 6} On consideration whereof, we find that the November 3, 2015 judgment of the Lucas County Court of Common Pleas is reversed and the matter is remanded for resentencing in accordance with this decision. The costs of this appeal shall be assessed equally between the parties pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.    _____
                JUDGE

Thomas J. Osowik, J.
              _____

James D. Jensen, P.J.         JUDGE
CONCUR.
              _____
                JUDGE