[Cite as *State v. Thompson*, 2019-Ohio-4505.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                           Court of Appeals No. S-18-049

      Appellee                                     Trial Court No. 18CR469

v.

Deon A. Thompson                              **DECISION AND JUDGMENT**

      Appellant                                    Decided:  November 1, 2019

* * * * *

Timothy Braun, Sandusky County Prosecuting Attorney, and
Kaitlin E. Klucas, Assistant Prosecuting Attorney, for appellee.

James H. Ellis III, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} Appellant, Deon Thompson, appeals the judgment of the Sandusky County

Court of Common Pleas, sentencing him to 18 months in prison for one count of

aggravated trafficking in drugs.  Finding no error in the proceedings below, we affirm.

## A. Facts and Procedural Background

{¶ 2} On May 8, 2018, appellant was indicted on one count of possession of Fentanyl in violation of R.C. 2925.11(A) and (C)(1)(c), a felony of the second degree, one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2) and (C)(1)(d), a felony of the second degree, and one count of receiving stolen property in violation of R.C. 2913.51(A) and (C), a felony of the fourth degree. Appellant entered a plea of not guilty to the foregoing charges at his arraignment on May 9, 2018. Thereafter, the matter proceeded through discovery and plea negotiations.

{¶ 3} On June 20, 2018, appellant appeared before the trial court for a change of plea hearing. At the hearing, appellant entered a plea of guilty to an amended charge of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2) and (C)(1)(a), a felony of the fourth degree, in exchange for the state's dismissal of the remaining charges.

{¶ 4} Following a Crim.R. 11 colloquy, the state questioned appellant regarding the facts that gave rise to the charges contained in the indictment. According to appellant, he and two codefendants met in Detroit at a Church's Chicken on April 18, 2018. The three men departed from the restaurant with Fentanyl and a handgun in their vehicle. Appellant stated that he was being paid $2,500 to help transport the Fentanyl to Cleveland. Appellant and his codefendants were apprehended by police while traveling toward Cleveland on Interstate 80 in Sandusky County. At the time of their apprehension, the men were in possession of 110 grams of Fentanyl, which was hidden in the engine compartment of the automobile alongside a Glock .40-caliber handgun.

2.

{¶ 5} After the foregoing facts were recited, appellant executed a written guilty plea agreement. The trial court accepted appellant's plea and found him guilty of aggravated trafficking in drugs. The court ordered the preparation of a presentence investigation report and continued the matter for sentencing.

{¶ 6} Appellant's sentencing hearing was held on September 25, 2018. At the sentencing hearing, the trial court noted the substantial reduction in prison exposure appellant received pursuant to the plea agreement, and proceeded to impose the maximum sentence of 18 months based upon the court's examination of appellant's prior criminal record and history of community control violations. Following the court's dismissal of the charges for possession of Fentanyl and receiving stolen property, the sentencing hearing concluded.

{¶ 7} In its sentencing entry, the trial court indicated that it considered the principles and purposes of sentencing under R.C. 2929.11, and balanced the seriousness and recidivism factors under R.C. 2929.12. The court also articulated that it imposed the maximum prison sentence "[d]ue to the defendant's prior criminal history and his inability to successfully complete community control/probation sanctions."

{¶ 8} On December 10, 2018, appellant filed a notice of appeal and a motion for delayed appeal. Appellant's motion for delayed appeal was granted on February 25, 2019.

## B. Assignment of Error

{¶ 9} On appeal, appellant sets forth the following assignment of error:

> The trial court erred by failing to comply with applicable statutes in sentencing the appellant.

## II. Analysis

{¶ 10} In his sole assignment of error, appellant argues that the trial court erred in sentencing him without proper consideration of the principles and purposes of sentencing set forth in R.C. 2929.11. Appellant also asserts that the trial court failed to consider all of the seriousness and recidivism factors under R.C. 2929.12, and failed to make any findings to support its maximum sentence.

{¶ 11} The review of felony sentences is governed under R.C. 2953.08(G)(2). Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a sentence only if the record demonstrates, clearly and convincingly, either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; or

> (b) That the sentence is otherwise contrary to law.

"Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is

4.

required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 12} A trial court that sentences a defendant for a felony offense, "shall be guided by the overriding purposes of felony sentencing: * * * to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). When considering the appropriate sentence, the trial court "shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* The sentence must be reasonably calculated to achieve those purposes "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

{¶ 13} To comply with the principles and purposes of sentencing set forth in R.C. 2929.11, the trial court must consider the seriousness and recidivism factors contained in R.C. 2929.12. To that end, we have previously explained,

R.C. 2929.12 is a guidance statute. It sets forth the seriousness and recidivism criteria that a trial court "shall consider" in fashioning a felony sentence. Subsections (B) and (C) establish the factors indicating whether the offender's conduct is more serious or less serious than conduct normally constituting the offense. Subsections (D) and (E) contain the factors bearing on whether the offender is likely or not likely to commit future crimes. While the phrase "shall consider" is used throughout R.C. 2929.12, the sentencing court is not obligated to give a detailed explanation of how it algebraically applied each seriousness and recidivism factor to the offender. Indeed, no specific recitation is required. Merely stating that the court considered the statutory factors is enough.

*State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, 960 N.E.2d 1042, ¶ 11 (6th Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38 and *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

{¶ 14} At the sentencing hearing in this case, the trial court examined the facts of this case, giving specific attention to the serious nature of transporting 110 grams of a highly dangerous drug, Fentanyl. The court also recited appellant's criminal record and noted the fact that appellant has a history of violating the terms of his community control. In its sentencing entry, the trial court indicated that it considered the principles and purposes of sentencing under R.C. 2929.11, and balanced the seriousness and recidivism

6.

factors under R.C. 2929.12.  As noted above, the trial court's statement that it considered the sentencing statutes is sufficient to pass muster under Ohio law.  *Brimacombe* at ¶ 11.

{¶ 15} Appellant contends that a lesser sentence would have served the principles and purposes of sentencing under R.C. 2929.11, because he was merely a passenger in the vehicle that was transporting the Fentanyl, he was not committing an act of violence, and he is in poor health.  Further, appellant takes issue with the trial court's balancing of the seriousness and recidivism factors under R.C. 2929.12, insisting that a "complete consideration" of those factors would have led the court to determine that appellant's conduct was "much less serious than what would normally constitute a violation requiring the imposition of the maximum prison sentence for a fourth degree felony."

{¶ 16} Given the trial court's consideration of the serious nature of appellant's conduct in trafficking 110 grams of Fentanyl, and in light of the court's express consideration of the principles and purposes of sentencing under R.C. 2929.11, as well as the sentencing factors under R.C. 2929.12, we find that the trial court complied with R.C. 2929.11 and 2929.12.

{¶ 17} Moreover, we reject appellant's contention that the trial court erred in imposing a maximum sentence without making certain findings to support the sentence.  Since the Supreme Court of Ohio's decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, trial courts have "'full discretion to impose a prison sentence within the statutory range,'" up to and including the maximum sentence for a given crime.  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 13, quoting *Foster* at

7.

¶ 100.  In our recent decision in *State v. Grace*, 6th Dist. Sandusky No. S-18-044, 2019-Ohio-3812, we examined an identical argument to the one advanced by appellant here concerning the imposition of maximum sentences, and concluded that trial courts are "not required to make any special findings before imposing maximum sentences." *Id.* at ¶ 25.

{¶ 18} Because the trial court expressly considered the principles and purposes of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12 prior to imposing a sentence that was within the applicable statutory range under R.C. 2929.14, we find that appellant's sentence is not contrary to law. Accordingly, appellant's assignment of error is not well-taken.

### III.  Conclusion

{¶ 19} In light of the foregoing, the judgment of the Sandusky County Court of Common Pleas is affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.        _____
                   JUDGE

Christine E. Mayle, P.J.

Gene A. Zmuda, J.       _____
CONCUR.                 JUDGE

                  _____
                   JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.