[Cite as *State v. Moore*, 2020-Ohio-2653.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-19-1032

      Appellee                          Trial Court No. CR0201801127

v.

James Everett Moore                        **DECISION AND JUDGMENT**

      Appellant                        Decided:  April 24, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Clayton M. Gerbitz, for appellant.

* * * * *

**ZMUDA, P.J.**

## I.  Introduction

{¶ 1} Appellant, James Moore, appeals the judgment of the Lucas County Court of

Common Pleas, sentencing him to 11 years in prison after accepting appellant's guilty

plea to one count of involuntary manslaughter.

## A. Facts and Procedural Background

**{¶ 2}** On January 19, 2018, appellant was indicted on one count of aggravated murder in violation of R.C. 2903.01(B) and (F), an unclassified offense, one count of murder in violation of R.C. 2903.02(B) and 2929.02, an unclassified offense, and one count of aggravated robbery in violation of R.C. 2911.01(A)(1) and (C), a felony of the first degree, along with firearm specifications attached to each of the foregoing counts. At his arraignment, appellant entered pleas of not guilty and the matter proceeded to discovery.

**{¶ 3}** A jury trial in the matter began on January 14, 2019. After several witnesses testified, a plea agreement was reached between appellant and the state. Pursuant to the agreement, appellant entered a guilty plea to one count of involuntary manslaughter in violation of R.C. 2903.04(A) and (C), a felony of the first degree. In exchange for appellant's plea, the state agreed to dismiss all of the charges contained in the indictment, along with their attendant firearm specifications. Following a Crim.R. 11 colloquy, the trial court accepted appellant's plea, and continued the matter for sentencing.

**{¶ 4}** On January 25, 2019, appellant appeared for sentencing. At the hearing, the trial court determined that appellant was not previously advised that the involuntary manslaughter charge to which he previously pled guilty carried a mandatory sentence under R.C. 2903.04(D)(2). Consequently, the trial court conducted a second plea hearing, this time advising appellant of the mandatory sentence. Appellant again entered a guilty plea, and the trial court proceeded immediately to sentencing. Ultimately, the

2.

court ordered appellant to serve 11 years in prison for the sole involuntary manslaughter charge. Thereafter, appellant entered his timely notice of appeal.

## B. Assignments of Error

{¶ 5} On appeal, appellant asserts the following assignments of error for our review:

I. Appellant's sentence is not supported by the record and [is] contrary to law.

II. The trial court erred when ordering Appellant to pay fees or costs without considering his ability to pay or notifying him at the sentencing hearing.

## II. Analysis

{¶ 6} In appellant's first assignment of error, he argues that the trial court's sentence is contrary to law. In his brief, appellant makes essentially two arguments in support of his first assignment of error. First, appellant argues that the trial court erred when it applied R.C. 2903.04(D)(2) to the facts of this case, and then imposed what the court deemed a mandatory sentence pursuant to that statutory section. Second, appellant contends that the trial court's maximum sentence does not comport with the principles and purposes of sentencing under R.C. 2929.11 because the court failed to expressly reference its consideration of the rehabilitative aspect of sentencing and the court imposed a sentence that was not consistent with the sentences imposed upon appellant's two codefendants, who received sentences of five years and six years, respectively.

3.

{¶ 7} In its brief, the state does not provide argument with respect to appellant's first assignment of error. Instead the state indicates that it will "rely upon the record of the proceeding and the sentencing transcript."

{¶ 8} Relevant to appellant's first argument, R.C 2903.04(D) provides, in pertinent part:

> (D) If an offender is convicted of or pleads guilty to a violation of division (A) or (B) of this section and if the felony, misdemeanor, or regulatory offense that the offender committed or attempted to commit, that proximately resulted in the death of the other person or the unlawful termination of another's pregnancy, and that is the basis of the offender's violation of division (A) or (B) of this section was a violation of division (A) or (B) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance or included, as an element of that felony, misdemeanor, or regulatory offense, the offender's operation or participation in the operation of a snowmobile, locomotive, watercraft, or aircraft while the offender was under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, both of the following apply:
>
> * * *
>
> (2) The court shall impose a mandatory prison term for the violation of division (A) or (B) of this section from the range of prison terms

4.

authorized for the level of the offense under section 2929.14 of the Revised Code.

{¶ 9} Under the foregoing statute, the trial court is required to impose a prison sentence if the underlying offense supporting the defendant's conviction for involuntary manslaughter was an OVI-type offense or an offense that includes as an element the operation of a vehicle while under the influence of alcohol or a drug of abuse. In this case, the underlying felony supporting appellant's conviction for involuntary manslaughter was aggravated robbery, which may be established without proving that appellant operated a vehicle while under the influence of alcohol or a drug of abuse.

{¶ 10} In *State v. Anderson*, 6th Dist. Lucas No. L-14-1158, 2015-Ohio-1678, we examined an argument regarding the applicability of R.C. 2903.04(D)(2) to a defendant who was convicted of involuntary manslaughter on the basis of an underlying aggravated burglary offense. In that case, unlike here, the trial court did not apply the mandatory sentence provision under R.C. 2903.04(D)(2), and Anderson argued that the trial court's failure to notify him of the mandatory sentence thereunder was error. In rejecting Anderson's argument, we stated:

> We note that R.C. 2903.04(D)(2) does require a mandatory prison sentence when the offender is convicted of or pleads guilty to a violation of division (A) or (B) of that section *and* if the felony that proximately resulted in the death of the other person *was a violation of division (A) or (B) of R.C. 4511.19.* The underlying felony in this case was the offense of

aggravated burglary, not R.C. 4511.19.  The trial court in this case would

have erred if it stated that the offense herein carried mandatory time

pursuant to R.C. 2903.04.  *See State v. Woodfork*, 10th Dist. Franklin No.

12AP-1092, 2013-Ohio-2428, ¶ 8.  (Emphasis sic.)

*Id*. at ¶ 8.

{¶ 11} In sentencing appellant, the trial court's February 1, 2019 judgment entry describes appellant's sentence as a "mandatory prison term."  And goes on to impose a "Mandatory Term of 11 years in the Ohio Department of Rehabilitation and Corrections."  Because appellant was not convicted for involuntary manslaughter based upon an underlying OVI-type offense or an offense that includes as an element the operation of a vehicle while under the influence of alcohol or a drug of abuse, we find that the trial court's sentence was contrary to law.  *See State v. Jones*, 6th Dist. Lucas No. L-15-1308, 2017-Ohio-4337 (reversing trial court's judgment and remanding for resentencing where trial court erroneously applied R.C. 2903.04(D)(2) when there was no evidence that the basis of the underlying offense was an OVI).

{¶ 12} Accordingly, appellant's first assignment of error is well-taken.  In light of our resolution of appellant's first assignment of error, we must remand this matter to the trial court for resentencing.  Therefore, appellant's second assignment of error regarding costs is moot, and we will not address it.

### III. Conclusion

{¶ 13} In light of the foregoing, the judgment of the Lucas County Court of Common Pleas is reversed, and this matter is remanded to the trial court for resentencing in accordance with this decision. The costs of the appeal are assessed to the state pursuant to App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Christine E. Mayle, J. _____

Gene A. Zmuda, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

7.