[Cite as *State v. Moore*, 2021-Ohio-3995.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

STATE OF OHIO                                    COURT OF APPEALS NO. {48}L-21-1033

    APPELLEE                                    TRIAL COURT NO. CR0201801127

V.

JAMES EVERETT MOORE                      **DECISION AND JUDGMENT**

    APPELLANT

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Angelina Wagner, for appellant.

* * * * *

**OSOWIK, J.**

**{¶ 1}** This is a delayed appeal from a judgment of the Lucas County Court of

Common Pleas, which sentenced appellant to a prison term of 11 years after the trial

court accepted appellant's guilty plea and convicted him of one count of involuntary

manslaughter.  For the reasons set forth below, this court affirms the judgment of the trial court.

## I. Background

{¶ 2} This appeal originated from felony Lucas County Grand Jury indictments against appellant, James Everett Moore, for aggravated murder, murder, and aggravated robbery, each with firearm specifications.  *State v. Moore*, 6th Dist. Lucas No. L-19-1032, 2020-Ohio-2653, ¶ 2.  Appellee, state of Ohio, alleged that on November 18, 2017, appellant and a codefendant, who was tried separately, caused the death of another while committing an armed robbery.  Prior to the conclusion of the jury trial, appellant entered a guilty plea to one count of involuntary manslaughter in violation of R.C. 2903.04(A), and a first-degree felony pursuant to R.C. 2903.04(C), with all other charges dismissed by agreement with appellee.  *Id.* at ¶ 3.

{¶ 3} The January 25, 2019 sentencing hearing transcript is in the record.  The trial court heard mitigating evidence from appellant and appellant's counsel, reviewed the undisputed presentence investigation report, reviewed victim impact statements written by the victim's family, and heard a victim impact statement presented by the victim's uncle.  The trial court expressed in open court the requirement "to consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender and making restitution to the victim."

2.

**{¶ 4}** The trial court further stated, "I need to impose a sentence that is commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim and consistent with sentences imposed for similar crimes committed by similar offenders," continuing:

So, in this case, there's no clarity from information this Court has received from [sic.] who actually pulled the trigger. There are theories. The State has its opinion on the matter, but it hasn't been established in court. And because of the complexities involved in this prosecution, this Defendant was initially charged with Aggravated Murder and Murder and Aggravated Robber with Firearm Specification.

Ultimately, the case was resolved at the level of a homicide that we call Involuntary Manslaughter. And so what is the appropriate sentence for this offense? This much I know, I know that no sentence that I impose here today is going to make the victim's family walk out of this courtroom saying, all right, we feel good about it all. * * *

So I'm constrained by the law and the variables that are afforded to me in the context of this sentencing. * * * Mr. Moore wants to mitigate his responsibility in the death and says, in his statement to the Presentence Department, says it was supposed to be a robbery. Was supposed to go through [the victim's] pockets while someone else was holding him at

3.

gunpoint. So he has fully acknowledged his culpability in the offense of Aggravated Robbery and also that would embody the Specification.

Because even if he didn't hold the gun, the law says you're culpable and responsible for the acts of your co-conspirators. So if he had been convicted of that charge Aggravated Robbery and a Specification, he'd been exposed to 14 years. So now his maximum exposure is 11 years. * * *

And so I say to you, Mr. Moore, your impact obviously had been devastating. You took a young man's life. You were involved in that course of criminal conduct, whether you literally pulled the trigger or not. * * *

It is the Order of the Court that his Defendant, Mr. Moore, serve a term of * * * 11 years in prison. This is a mandatory sentence as I discussed with you.

{¶ 5} On direct appeal, this court remanded for resentencing the trial court's mandatory 11-year prison sentence. *Moore*, 6th Dist. Lucas No. L-19-1032, 2020-Ohio-2653, at ¶ 13.

{¶ 6} Resentencing by the trial court occurred on January 5, 2021, and the transcript is in the record. Appellant again presented mitigating evidence to the trial court, including the sentencing his codefendant received for the same offense, his

4.

relatively small criminal record, his youth, and his remorse. Appellee presented its recommendations for the maximum statutory sentence of 11 years.

{¶ 7} During the course of resentencing, the trial court referenced the prior sentencing hearing held on January 25, 2019. The trial court recalled the circumstances "which resulted in this negotiated resolution in the midst of the trial." After two days of testimony and evidence presented to the jury by appellee, and prior to the testimony by appellant's codefendant, appellant pled guilty to involuntary manslaughter in exchange for dismissal of the original charges currently being tried. The trial court recalled at the January 25, 2019 sentencing, "this Court felt there should be a difference in sentence between Mr. Moore and any codefendant because the evidence to be offered by the State would have shown that Mr. Moore was the one who fired the shot that resulted in the death of the victim." The trial court found appellant's conduct "was distinctly different than that of any other participant." The trial court was aware the "compromised, negotiated resolution between Defendant, his Counsel and the State" favored appellant because "he was on trial for an offense if convicted, he would have been facing a life sentence."

{¶ 8} The trial court concluded "my view on the matters haven't changed with this passing of time." The trial court then expressly adopted its sentencing rationale from the prior sentencing hearing held on January 25, 2019, including the principles and purposes of sentencing under R.C. 2929.11 and balancing the seriousness and recidivism factors

5.

under R.C. 2929.12.  The trial court ordered appellant to serve 11 years in prison.

"What's different this time in your sentence, Mr. Moore, is that you are eligible for earned days of credit under [R.C.] 2967.193."  Appellant raised no objections in the record of his resentencing.

{¶ 9} By judgment entry journalized on January 14, 2021, among other matters, the trial court ordered appellant to serve a nonmandatory prison term of 11 years.  The trial court specifically stated in its entry that prior to sentencing it "considered the record, Presentence Report of defendant's statements and social background, oral statements, any victim impact statement, as well as principles and purposes of sentencing under R.C. 2929.11 balancing seriousness, recidivism and other relevant factors under R.C. 2929.12."

{¶ 10} Appellant sets forth two assignments of error in this appeal:

I.  The trial court record does not support the sentence imposed upon the Appellant by the trial court and the sentence is contrary to law.

II.  The trial court erred by considering dismissed and nolle'd cases as a basis for imposing a maximum sentence on the convicted charge, resulting in a violation of Appellant's rights to due process and fundamental fairness.

6.

## II. Felony Sentencing

### A. Contrary to Law

{¶ 11} In support of his first assignment of error, appellant argues his 11-year prison sentence is contrary to law in violation of R.C. 2929.11(B) for two reasons: (1) his maximum sentence of 11 years was inconsistent with the more lenient sentence imposed on his codefendant for the same crime; and (2) there was no evidence of aggravating factors in the record to support differentiating appellant's conduct from his codefendant. Appellant further argues the trial court erred by opining at resentencing that appellant, rather than his codefendant, actually pulled the trigger of the firearm that killed the victim when at the prior sentencing hearing the trial court acknowledged the evidence did not establish conclusively who pulled the trigger.

{¶ 12} We review appellant's challenge to his felony sentencing pursuant to R.C. 2953.08(G)(2)(b), which states, in part, "The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following: * * * (b) That the sentence is otherwise contrary to law."

{¶ 13} Although "contrary to law" is an undefined term, the Ohio Supreme Court clearly guides us that, "R.C. 2953.08(G)(2)(b) * * * does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not

supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39.

{¶ 14} We recently stated in *State v. Wilson*, 6th Dist. Lucas No. L-21-1037, 2021-Ohio-3768, ¶ 22, the following:

> Moreover, under *Jones*, an appellate court may not "independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12," nor may it "modify or vacate a sentence based on its view that the sentence is not supported by the record under [those statutes]." *Jones* at ¶ 39, 42; *see also State v. Toles,* Slip Opinion No. 2021-Ohio-3531, ¶ 1 (Affirming sentencing judgment under the authority of *Jones).* Accordingly, we are precluded from reviewing a felony sentence "where -- as here -- the appellant's sole contention is that the trial court improperly considered the factors of R.C. 2929.11 or 2929.12 when fashioning that sentence." *State v. Stenson,* 6th Dist. Lucas No. L-20-1074, 2021-Ohio-2256, ¶ 9, citing *Jones* at ¶ 42; s*ee also State v. Orzechowski,* 6th Dist. Wood No. WD-20-029, 2021-Ohio-985, ¶ 13-14 ("In light of *Jones,* assigning error to the trial court's imposition of sentence as contrary to law based solely on its consideration of R.C. 2929.11 and 2929.12 is no longer grounds for this court to find reversible error.").

8.

{¶ 15} We lack the authority under R.C. 2953.08(G)(2)(b) to grant the relief appellant seeks by independently reviewing if the record supports his sentence under R.C. 2929.11(B). Appellant's first assignment of error is not well-taken.

### B. Dismissed Charges

{¶ 16} In support of his second assignment of error, appellant argues his resentence of 11 nonmandatory years must be vacated due to the trial court's consideration of dismissed charges. Citing *State v. Blake*, 3d Dist. Union No. 14-03-33, 2004-Ohio-1952, ¶ 5, appellant argues the trial court violated his due process rights by exhibiting a bias that appellant was guilty of the dismissed charges. Appellant concludes "the court's reference to what Appellant could have been sentenced to if convicted under the dismissed charges was improper and the sentence should therefore be reversed."

{¶ 17} In *Blake*, the Third District Court of Appeals acknowledged that a "trial court may consider allegations that form the basis of charges dismissed pursuant to a plea agreement when sentencing a defendant." *Id.* The Third District then stated the trial court's discretion was limited and "cannot indicate a bias toward the defendant indicating that the trial court believes that the defendant is guilty of the charges which were dismissed." *Id.*, citing *State v. Fisher*, 11th Dist. Lake No. 2002-L-020, 2003-Ohio-3499, ¶ 20-27. The Eleventh District Court of Appeals in *Fisher* found the Ohio Supreme Court "has held that considering evidence relating to a past dismissed charge at the

sentencing stage does not constitute reversible error." *Fisher* at ¶ 24, citing *State v. Wiles*, 59 Ohio St.3d 71, 78, 571 N.E.2d 97 (1991).

{¶ 18} It is undisputed appellant pled guilty to one count of involuntary manslaughter in violation of R.C. 2903.04(A), which states "No person shall cause the death of another * * * as a proximate cause of the offender's committing or attempting to commit a felony." That offense is a first-degree felony. R.C. 2903.04(C). His guilty plea was a complete admission of guilt for that offense. Crim.R. 11(B)(1).

{¶ 19} The trial court sentenced appellant to an 11-year prison term pursuant to the applicable sentencing statute for a first-degree felony, which authorizes definite prison terms between three and 11 years. R.C. 2929.14(A)(1)(b). The trial court's sentence is within the statutory range authorized by the Ohio General Assembly for appellant's offense. *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶ 21. Appellant does not dispute his 11-year sentence was within the statutory range. We do not find any trial court error by adhering to the authorized statutory range. *Id.* at ¶ 23; *State v. Penn*, 6th Dist. Fulton No. F-20-004, 2021-Ohio-1761, ¶ 38.

{¶ 20} We further find the trial court is not required to make any special findings before imposing the maximum sentence within the authorized statutory range. *State v. Thompson*, 6th Dist. Sandusky No. S-18-049, 2019-Ohio-4505, ¶ 17, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 13. Nevertheless, the record shows the trial court specifically stated at the January 5, 2021 resentencing hearing

10.

it incorporated its rationale expressed at the January 25, 2019 sentencing hearing because the trial court's view on the matters had not changed during that time. On January 25, 2019, the trial court relied on the undisputed presentence investigation report. The trial court found in that report that appellant admitted his culpability to the originally indicted aggravated robbery offense with a firearm. On that basis, the trial court determined appellant admitted causing the victim's death under the law. The penalty for aggravated robbery offense with firearm specification was 14 years, which was greater than the maximum of 11 years for the offense for involuntary manslaughter.

{¶ 21} We disagree with appellant that the trial court exhibited an unconstitutional bias when it considered, as part of many other sentencing factors, evidence in the record regarding the aggravated robbery with firearm specification offenses that were dismissed as a result of the plea agreement. *Wiles* at 78. The sentencing record shows that even if the trial court disregarded appellant's admissions in the presentence investigation report regarding the dismissed offenses, the trial court considered other evidence, including the entire record, oral statements, the written and oral victim impact statements and the requirements of R.C. 2929.11 and 2929.12.

{¶ 22} This court has held that a defendant's constitutional rights are not violated when receiving the maximum sentence within the statutory range, even where the trial court used evidence learned about other dismissed, indicted offenses. *State v. Young*, 6th Dist. Erie No. E-05-013, 2006-Ohio-728, ¶ 21. This court has further held that there is no

trial court error where the sentencing record contains evidence of factors considered at sentencing other than, or in addition to, the "unadjudicated allegations." *State v. Pippin*, 6th Dist. Lucas No. L-18-1023, 2019-Ohio-1387, ¶ 15, citing *State v. Waxler*, 6th Dist. Lucas No. L-11-1101, 2012-Ohio-3619, ¶ 10-12. In addition, we have held that sentencing courts may consider at sentencing inadmissible evidence, including charges that were reduced or dismissed under a plea agreement. *State v. Boswell*, 6th Dist. Erie No. E-18-053, 2019-Ohio-2949, ¶ 29.

{¶ 23} For the foregoing reasons we do not find clear and convincing evidence the trial court violated appellant's due process rights by exhibiting a sentencing bias that appellant was guilty of the dismissed charges. Appellant's second assignment of error is not well-taken.

### III. Conclusion

{¶ 24} On consideration whereof, we find that substantial justice has been done in this matter. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.


| Mark L. Pietrykowski, J. | [[Applied Signature]] |
|---|---|
| | JUDGE |

| Thomas J. Osowik, J. | [[Applied Signature 2]] |
|---|---|
| | JUDGE |

| Christine E. Mayle, J. | [[Applied Signature 3]] |
|---|---|
| CONCUR | JUDGE |


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.